DLA PIPER US LLP
Roy K. McDonald (State Bar No. 193691)
roy.mcdonald@dlapiper.com
Stephen A. Chiari (State Bar No. 221410)
stephen.chiari@dlapiper.com
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
Telephone: (415) 836-2547
Facsimile: (415) 659-7447

T. WADE WELCH & ASSOCIATES
Richard R. Olsen (*pro hac vice*)
rolsen@twwlaw.com
Timothy M. Frank (*pro hac vice*)
tfrank@twwlaw.com
2401 Fountainview, Suite 700
Houston, Texas 77057
Telephone: (713) 952-4334
Facsimile:  (713) 952-4994

Attorneys for Plaintiffs
ECHOSTAR SATELLITE L.L.C.,
ECHOSTAR TECHNOLOGIES CORPORATION
and NAGRASTAR L.L.C.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES CORPORATION, a Texas Corporation, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>FREETECH, INC., a California Corporation, and DOES 1-10,<br><br>Defendants. | Case No. CV-07-6124(JW)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE DEFENDANT'S COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: March 17, 2008<br>Time:  9:00 a.m. |

**NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE COUNTERCLAIMS**

TO DEFENDANT AND ITS COUNSEL OF RECORD:

On Monday, March 17, 2008, at 9:00 a.m., or at such a later date and time as the Court may order, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, Plaintiffs EchoStar Satellite L.L.C., EchoStar Technologies Corporation, and NagraStar L.L.C. (collectively "EchoStar") hereby move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss counterclaims one through six of Defendant Freetech, Inc.'s Amended Answer ("Amended Answer") and Counterclaims ("Counterclaims") filed on January 16, 2008. In the alternative, EchoStar moves to strike the Counterclaims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

EchoStar seeks to dismiss, or in the alternative, to strike Defendant's declaratory relief counterclaims as redundant and unnecessary because a determination of EchoStar's action will resolve the same issues identified in the requests for declaratory relief. The motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, *infra*, the accompanying Proposed Order, and any oral argument of counsel at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF ISSUES TO BE DECIDED**

This case concerns the intentional interception and theft of encrypted satellite signals. Plaintiffs contend that Defendant directly, and through others acting in concert, violated federal and state law by offering to the public, providing, or otherwise engaging in the traffic of devices, components, and technology that are primarily designed to facilitate the unauthorized reception of EchoStar's DISH Network programming. Although the Amended Answer denies liability for each of the alleged causes of action, Defendant also pursues a declaratory judgment action that mirrors the Complaint. Accordingly, Plaintiffs respectfully request that the Court dismiss or, in the alternative, strike Defendant's Counterclaims as redundant and unnecessary pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

///

///

## II. FACTUAL BACKGROUND

EchoStar provides a variety of video, audio, and data services to consumers throughout the United States via a Direct Broadcast Satellite ("DBS") system. (Compl. ¶ 2.) EchoStar uses high-powered satellites to broadcast, among other things, movies, sports, and general entertainment programming (collectively "Programming") to consumers who have been authorized by EchoStar to receive such services after payment of a subscription fee (or in the case of a pay-per-view movie or event, the purchase price). (Compl. ¶ 2.) EchoStar operates its DBS Programming service under the trade name "DISH Network." (Compl. ¶ 3.)

To prevent the unauthorized reception of DISH Network Programming, Plaintiffs utilize a management and security system ("Security System") that encrypts (electronically scrambles) EchoStar's satellite signals using proprietary security keys and technology codes. (Compl. ¶¶ 5-6, 20-24.) Therefore, a consumer wishing to subscribe to and receive DISH Network Programming must first have the necessary equipment, which consists primarily of: (1) a satellite dish antenna; (2) an integrated receiver/decoder ("receiver" or "set-top box"); and (3) a credit card sized EchoStar Access Card. (Compl. ¶ 17.) The Access Card enables the receiver to process and descramble EchoStar's satellite signals using the data and technology housed within an embedded microprocessor. (Compl. ¶¶ 6, 18-19.) Absent a subscription to DISH Network, EchoStar will not provide a consumer an Access Card or authorize access to encrypted DISH Network Programming. (Compl. ¶ 19.)

Despite continuous improvements to the Security System, satellite pirates have discovered a way to steal DISH Network Programming by using so-called "free-to-air" receivers ("FTA Receivers"). (Compl. ¶ 28.) While similar to the receivers used by EchoStar, these piracy devices cannot descramble and receive DISH Network Programming without utilizing the security keys and technology codes that protect EchoStar's satellite signal. (Compl. ¶¶ 20-24, 29-30.) Therefore, FTA Receivers are developed with firmware and components that accept and receive illegal pirate software ("Pirate Software") that contain the requisite secret keys and codes to breach the Security System. (Compl. ¶ 30.) Once this technology is downloaded or "flashed" into a FTA Receiver, the unit will illegally receive DISH Network Programming. (Compl. ¶ 30.)

To combat the theft of DISH Network Programming, proliferated by the use of FTA Receivers, Plaintiffs continue to develop and deploy electronic countermeasures ("ECM") to maintain the integrity of the Security System. (Compl. ¶ 27.) These efforts, however, may not be effective because EchoStar can neither control nor regulate the distribution of updated Pirate Software used to circumvent a particular ECM. (Compl. ¶ 36.) As a result, FTA Receivers continue to pose a serious threat to the security of Plaintiffs' satellite signals. (Compl. ¶ 36.)

Plaintiffs aver that Defendant illegally manufactures and sells "devices, components, and technology that are primarily designed to circumvent and/or defeat Plaintiffs' Security System and ultimately facilitate the reception of ECHOSTAR's encrypted satellite signals and DISH Network Programming." (Compl. ¶ 7.) Specifically, Plaintiffs object to Defendant's design, development, and distribution of "Coolsat" branded FTA Receivers and Pirate Software which allow end users to intercept and steal EchoStar's encrypted satellite signal. (Compl. ¶¶ 1, 38-39, 47-49, 53-54, 58-59, 63-64, 68, 75.) Based on these averments, Plaintiffs assert claims for violations of the Digital Millennium Copyright Act (Count I), the Communications Act of 1934 (Count II and III), the Electronic Communications Privacy Act (Count IV), and the California Unfair Competition Law (Count V). (Compl. ¶¶ 45-72.) In addition, Plaintiffs assert a claim for unjust enrichment predicated on Defendant's garnishment of profits and goodwill from EchoStar (Count VI). (Compl. ¶¶ 73-77.)

### III. LEGAL STANDARD

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where the allegations fail to raise a right to relief that is "plausible on its face" and "above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1974 (2007). Rule 12(f), on the other hand, allows a court to strike from a pleading any redundant material "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Both procedures have been routinely utilized to discard declaratory judgment counterclaims that restate issues already before the court. *See, e.g., Atl. Recording Corp. v. Serrano*, No. 07-CV-1824 W(JMA), 2007 WL 4612921, at *4 (S.D. Cal. Dec.

28, 2007) (dismissing declaratory judgment counterclaim as redundant); *Daily v. Fed. Ins. Co.*, No. C 04-3791 PJH, 2005 WL 14734, at *5-7 (N.D. Cal. Jan. 3, 2005) (striking declaratory judgment counterclaim as redundant).

### IV. ARGUMENT

Courts within this Circuit "often dismiss 'mirror image' counterclaims where they merely restate issues already before the court as part of a plaintiff's affirmative case." *Serrano*, 2007 WL 4612921, at *4 (citing *Avery Dennison Corp. v. Acco Brands, Inc.*, 2000 U.S. Dist. LEXIS 3938, at *12 (C.D. Cal. Feb. 22, 2000)); *Daily*, 2005 WL 14734, at *5-7; *Interscope Records v. Duty*, NO. 05CV3744-PHX-FJM, 2006 WL 988086, at *3 (D. Ariz. Apr. 14, 2006) (dismissing counterclaims for declaratory judgment as "redundant and unnecessary"); *see also Aldens, Inc. v. Packel*, 524 F.2d 38, 53 (3d Cir. 1975) (dismissing counterclaim for declaratory relief where counterclaim presented "identical issues posited by the complaint"); *U.S. v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (dismissing counterclaim that merely restates an issue already before the court); *4-County Elec. Power Ass'n v. Tenn. Valley Auth.*, 930 F. Supp. 1132, 1144 (S.D. Miss. 1996) (dismissing declaratory judgment counterclaim because it was "wholly repetitious of the issues already before the court and hence is unnecessary").

Likewise, "when a request for declaratory relief brings into question issues that already have been presented in . . . defendant's answer to the original claim, a party might challenge the counterclaim on the ground that it is redundant . . . ." *Daily*, 2005 WL 14734, at *6 (quoting 4 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1406 (2d ed. 1987)); *see also Fed. Deposit Ins. Corp. v. Bancinsure, Inc.*, 770 F. Supp. 496, 500 (D. Minn. 1991) (dismissing counterclaim that "seeks the same result as defendant's denials and affirmative defenses" as "redundant"); *Lee v. Park Lane Togs, Inc.*, 81 F. Supp. 853, 854 (S.D.N.Y. 1948) (dismissing defendant's counterclaim for declaratory relief where the allegations of the counterclaims were already before the court as a defense).

Here, Defendant's Counterclaims for declaratory relief raise no issues outside the scope of the Complaint or the responses and defenses thereto. Instead, Defendant simply pleads a "mirror image" of the Complaint from its own perspective. *Serrano*, 2007 WL 4612921, at *4. For

example, Count I of the Complaint alleges that Defendant violated sections 1201(a)(2) and 1201(b)(1) of the Digital Millennium Copyright Act. (Compl. ¶¶ 45-51.) While Defendant specifically denies these allegations (Am. Answer ¶¶ 45-51), Defendant also seeks a declaration that "Freetech has not engaged in a violation of 17 U.S.C. §§ 1201(a)(2), (b)(1)." (Countercls. ¶ 53.) This pattern of denial and needless request for declaratory relief is constant throughout Defendant's Counterclaims.[1]

Defendant seeks nothing more than a proclamation that the acts alleged in the Complaint are not unlawful. (Countercls. ¶¶ 51-68.) However, adjudication on the merits or defenses to Plaintiffs' claims "will render the request for declaratory judgment moot." *Daily*, 2005 WL 14734, at *6. Therefore, the Court should dismiss or strike Defendant's Counterclaims as redundant and unnecessary. Fed. R. Civ. P. 12(b)(6), 12(f).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Plaintiffs request that the Court strike the Counterclaims pursuant to Federal Rule of Civil Procedure 12(f).

///
///
///
///
///

---

[1] *Compare* Compl. ¶¶ 52-56 (**Count II** – alleging a violation of 47 U.S.C. § 605(a)), *with* Am. Answer ¶¶ 52-56, *and* Countercls. ¶ 56 (denying allegations and seeking declaration that "Freetech has not engaged in a violation of 47 U.S.C. § 605(a)"); Compl. ¶¶ 57-61 (**Count III** – alleging a violation of 47 U.S.C. § 605(e)(4)), *with* Am. Answer ¶¶ 57-61, *and* Countercls. ¶ 59 (denying allegations and seeking declaration that "Freetech has not engaged in a violation of 47 U.S.C. § 605(e)(4)"); Compl. ¶¶ 62-66 (**Count IV** – alleging a violation of 18 U.S.C. § 2520(a)), *with* Am. Answer ¶¶ 62-66, *and* Countercls. ¶ 62 (denying allegations and seeking declaration that "Freetech has not engaged in a violation of 18 U.S.C. § 2520(a)"); Compl. ¶¶ 67-72 (**Count V** – alleging a violation of Cal. Bus. & Profs. Code § 17200), *with* Am. Answer ¶¶ 67-72, *and* Countercls. ¶ 65 (denying allegations and seeking declaration that "Freetech has not engaged in a violation of California's Bus. & Profs. Code § 17200"); Compl. ¶¶ 73-77(**Count VI** – alleging unjust enrichment), *with* Am. Answer ¶¶ 73-77, *and* Countercls. ¶ 68 (denying allegations and seeking declaration that "Freetech has not been unjustly enriched").

DATED: February 6, 2008

Respectfully submitted,

T. WADE WELCH & ASSOCIATES

By: /s/ Richard R. Olsen
    Richard R. Olsen (*pro hac vice*)
    Timothy M. Frank (*pro hac vice*)

Attorneys for Plaintiffs
ECHOSTAR SATELLITE L.L.C.,
ECHOSTAR TECHNOLOGIES CORPORATION
and NAGRASTAR L.L.C.