UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EchoStar Satellite L.L.C. et al.,

      Plaintiffs,

v.

Freetech, Inc. et al.,

      Defendants.

Case No. C 07-06124 JW

ADR CERTIFICATION BY ECHOSTAR SATELLITE L.L.C., ECHOSTAR TECHNOLOGIES CORPORATION, AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled "*Dispute Resolution Procedures in the Northern District of California*" on the Court's ADR Internet site www.adr.cand.uscourts.gov (*Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45*);

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated: 2/22/08

Jeffrey H. Blum
EchoStar Vice President & Associate General Counsel

Dated: 2/22/08

Timothy M. Frank (*pro hac vice*)
Counsel for Plaintiffs

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 153 Townsend Street, Suite 800, San Francisco, California 94107-1957. On February 25, 2008, I served the within documents:

**ADR CERTIFICATION BY ECHOSTAR SATELLITE L.L.C., ECHOSTAR TECHNOLOGIES CORPORATION, AND COUNSEL**

[x] by transmitting the document by electronic mail to ADR@cand.uscourts.gov on this date before 5:00 p.m.

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**VIA U.S. MAIL**
Jonathan S. Bae, Esq.
2201 Broadway, Suite M5
Oakland, CA 94612
Tel: (510) 834-4357
Fax: (510) 663-6731

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 25, 2008, at San Francisco, California.

_Judith A. Fazackerley_
Judith A. Fazackerley

DLA PIPER US LLP
SAN FRANCISCO