Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
Matthew A. Scherb (SBN: 237461)
mscherb@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

Jonathan Bae (SBN: 229967)
bae@baelawfirm.com
LAW OFFICE OF JONATHAN BAE
2201 Broadway, Suite M5
Oakland, CA 94612
Telephone:     (510) 834-4357
Facsimile:      (510) 663-6731

Attorneys for Defendant and Counterclaimant
FREETECH, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C., ECHOSTAR TECHNOLOGIES CORPORATION, and NAGRASTAR L.L.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>FREETECH, INC. and DOES 1-10,<br><br>Defendants. | **Case No. 07-6124 (JW)**<br><br>**FREETECH, INC.'S OPPOSITION TO PLAINTIFFS AND COUNTER-DEFENDANTS' MOTION TO DISMISS OR STRIKE COUNTERCLAIMS**<br><br>Hearing Date:  March 17, 2008, 9:00 A.M. |
| FREETECH, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>ECHOSTAR SATELLITE L.L.C., ECHOSTAR TECHNOLOGIES CORPORATION, and NAGRASTAR L.L.C.,<br><br>Counter-defendants. | |

## I. INTRODUCTION

Plaintiffs and Counter-defendants Echostar Satellite L.L.C., Echostar Technologies Corporation, and Nagrastar L.L.C. ("Echostar") filed this suit against Defendant and Counterclaimant Freetech, Inc. ("Freetech") for allegedly engaging in and facilitating interception and theft of Echostar's encrypted satellite signals. Freetech is confident that Echostar's case has no merit. Therefore, in addition to answering Echostar's complaint, Freetech filed Counterclaims for a declaration of non-liability. Echostar now moves to dismiss Freetech's counterclaims as redundant and unnecessary, but there are important reasons to allow Freetech's Counterclaims to proceed.

Contrary to Echostar's assertions, Freetech's Counterclaims include important allegations that are not mirrored in Echostar's complaint. Answers to Freetech's allegations could well narrow the issues asserted in this case based on the pleadings alone. In addition, Freetech's counterclaims will require resolution of the claims at issue, even if Echostar, at a later date, decides it prefers to voluntarily dismiss all or some of its claims under Rules 41 or 15. Moreover, Freetech's Counterclaims are permissible under the Federal Rules and Ninth Circuit precedent, which embraces the majority rule.

For these reasons, Freetech respectfully requests that the Court deny Echostar's motion in its entirety.

## II. STATEMENT OF THE ISSUE

Whether Freetech's declaratory relief Counterclaims should be allowed to proceed.

## III. FACTUAL BACKGROUND

Freetech imports Free-To-Air ("FTA") satellite receivers and distributes them under its Coolsat brand. (Counterclaims ¶ 2.) While Echostar misleadingly refers to FTA receivers in its motion generally as "piracy devices" (Mot. at 3), in fact Freetech's FTA receivers simply allow consumers to receive legitimate, unencrypted, public satellite broadcasts and to display these broadcasts on their televisions (Counterclaims ¶¶ 4, 8).

Such equipment has been available to consumers for decades, *id.* ¶ 5, and its use has become widespread. In 2004, sales of satellite receivers for FTA signal reception were expected to outpace, for a second year in a row, sales of satellite receivers tied to subscription service providers, 36

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

million to 29 million. Data from mid-2007 shows that some 30 to 40 million people in Europe alone are getting their television from FTA satellite transmissions. *Id.* ¶ 15.

Echostar itself is no doubt aware of the legitimate and important uses of FTA receivers. The website of Echostar Europe, an Echostar affiliate, touts that it has sold "millions of receivers for . . . Free to Air markets" and is "Powering the free-to-air revolution." *Id.* ¶ 6.

FTA broadcasts are freely available throughout the world, including in the United States. *Id.* ¶¶ 7-8, 14. FTA programming, in both English and numerous foreign languages, offers entertainment, educational enrichment, news gathering, and cultural experiences, some of which are simply unavailable through terrestrial broadcasts – the familiar broadcasts emanating from the land-based transmitters of local television stations. *Id.* ¶ 14. By way of example, FTA broadcasters targeting the United States include PBS, Al Jazeera English, NASA TV, China Central Television 9, and PressTV. *Id.* ¶ 13.

Echostar's Complaint, filed on December 4, 2007, alleges that Freetech's importation, distribution, or use of Coolsat receivers is unlawful under the Digital Millennium Copyright Act and other state and federal laws. It alleges that Coolsat receivers are primarily designed for unlawful purposes and even accuses Freetech of intercepting Echostar broadcasts and developing hacking software for Coolsat receivers. These allegations are simply baseless. Coolsat receivers are, as described above, designed for lawful purposes, and Freetech has not imported, marketed, or used Coolsat devices for unlawful purposes. Nor does Freetech intercept encrypted transmissions or develop hacking software. *Id.* ¶ 22, 32.

In fact, Freetech actively takes steps to discourages the hacking that Echostar alleges. When Coolsat users visit Freetech's website, they are told that they must agree to "not use Coolsat products in any way whatsoever to intercept any satellite television signal without proper authorization." *Id.* ¶ 38. Further, in the support portion of Freetech's website, which contains the authorized Coolsat firmware updates, Freetech warns consumers that "Coolsat receivers are only for use with Coolsat authorized software. Unauthorized software cannot, by any means, be used with a Coolsat receiver. Should any receiver contain such unauthorized software, the warranty will be null and void." *Id.* ¶ 39. Freetech also requires its distributors to "agree not to engage in . . . practices" that include

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

"downloading of unauthorized third-party software or other methods to decrypt subscription-based programming systems." *Id.* ¶ 40.

Freetech answered Echostar's complaint on December 27, 2007, and filed an Amended Answer and Counterclaims on January 16, 2008. The Counterclaims seek a declaration of non-liability on each of the six causes of action alleged in Echostar's Complaint. Echostar now moves to strike or dismiss Freetech's Counterclaims, claiming the Counterclaims are merely redundant. Freetech opposes the motion.

## IV. ARGUMENT

### A. LEGAL STANDARD

Echostar brings its motion under Rule 12(b)(6) and Rule 12(f). Rule 12(b)(6) allows dismissal when a claimant has "fail[ed] to state a claim upon which relief can be granted." For purposes of Rule 12(b)(6), the court presumes the truth of all factual allegations in the challenged pleadings and draws all reasonable inferences in favor of the non-moving party. *Shloss v. Sweeney*, 515 F. Supp. 2d 1068, 1074 (N.D. Cal. 2007) (Ware, J.). When considering a Rule 12(b)(6) motion, the "court may not look beyond" the challenged pleading. *Id.* Echostar does not assert that Freetech's Counterclaims themselves fail to state claims for relief. Dismissal under Rule 12(b)(6) would be improper.

Echostar's key argument, instead, is that Freetech's Counterclaims are redundant, in which case "Rule 12(f) is the relevant rule for redundant claims," not Rule 12(b)(6). *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050, 2007 U.S. Dist. LEXIS 71117, at *9-10 n.3 (N.D. Cal. Sep. 18, 2007). Rule 12(f) permits the "court [to] strike from a pleading . . . any redundant . . . matter." "Motions to strike are disfavored, and the remedy of striking a pleading should generally be granted only to avoid prejudice to the moving party or when it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Wolk v. Green*, 516 F. Supp. 2d 1121, 1133 -34 (N.D. Cal. 2007). "Rule 12(f) Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delay tactic." *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007). "Any doubt concerning the import of the allegations to be stricken weighs in favor of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  denying the motion to strike." *Id.*

2  **B. FREETECH'S COUNTERCLAIMS ARE NOT REDUNDANT AND SHOULD NOT BE STRICKEN.**

The parties' Complaint and Counterclaims are not mere "mirror images" of each other, as Echostar insists (Mot. at 5). If anything, Freetech's Counterclaims more sharply and precisely reflect the issues in this dispute than Echostar's more obtuse and conclusory Complaint. Even if the parties' pleadings were mirror images, the Ninth Circuit, contrary to Echostar's assertions, has held that so-called "mirror-image" counterclaims — those seeking a declaration of non-liability for claims alleged in a complaint — may serve legitimate purposes, are entirely proper, and should not be dismissed on the pleadings. *See Maulsby v. Conzevoy*, 161 F.2d 165, 167 & nn.5-6 (9th Cir. 1947) (affirming, after a full trial, the district court's decision to keep declaratory relief counterclaims in the lawsuit and citing, with approval, other courts' approval of mirror-image counterclaims). No "valid objection" could be made to such counterclaims. *Id.* There could be no prejudice in the filing and hearing of the counterclaims, which could easily be dismissed after trial if appropriate, and would not impose any additional burden on the Court if truly identical. *Id.* The only citable[1] decision from the Northern District on point permits "mirror-image" declaratory judgment counterclaims. *Int'l Woodworkers of Am. v. McCloud River Lumber Co.*, 119 F. Supp. 475, 488 (N.D. Cal. 1953). The court held that the defendant's "counterclaim for a declaratory judgment is permissible" even when it "rais[es] the same issues as those brought up by the plaintiff's first cause of action and the defendant's answer thereto." *Id.*

Other courts outside the Ninth Circuit agree that "[m]erely because a counterclaim repeats the issues raised in the original complaint does not automatically warrant dismissal.". *Caplan v. Am. Baby, Inc.*, 582 F. Supp. 869, 870 (S.D.N.Y. 1984) (holding that the argument that mirror-image counterclaims should be dismissed is "without merit") ); *accord Oneida Tribe of Indians of Wis. v.*

---

[1] The Northern District decision cited by Echostar, *Daily v. Fed. Ins. Co.* (*see* Mot. at 5), was designated "NOT FOR CITATION." Echostar's citation of the case violates Civil Local Rule 3-4(e), which provides that "[a]ny order or opinion that is designated: "NOT FOR CITATION," pursuant to Civil L.R. 7-14 or pursuant to a similar rule of any other issuing court, **may not be cited to this Court, either in written submissions or oral argument**, except when relevant under the doctrines of law of the case, res judicata or collateral estoppel" (emphasis added). Echostar's citation of *Daily* is improper and the Court should disregard it.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

*Village of Hobart*, 500 F. Supp. 2d 1143, 1150 n.3 (E.D. Wis. 2007); *Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 174-75 (6th Cir. 1942); *United Wats, Inc. v. Cincinnati Ins. Co.*, 971 F. Supp. 1375, 1381 (D. Kan. 1997); *Iron Mountain Sec. Storage Corp. v. Am. Specialty Foods, Inc.*, 457 F. Supp. 1158, 1161-62 (E.D. Pa. 1978) ("Courts have declined to fashion a rule preventing the assertion of a counterclaim merely because the theory relied upon is the converse of that in the complaint."). In fact, permitting mirror-image counterclaims to go to trial is the "majority rule." *Oneida Tribe of Indians of Wis.*, 500 F. Supp. 2d at 1150 n.3.

There are good reasons to follow the majority rule and to permit mirror-image counterclaims for declaratory relief to survive the pleadings.

First, the presence of mirror-image counterclaims allows a defendant to invoke Rule 41 to insist that the Court resolve all of the parties' differences even if the plaintiff, at a later date, decides it would rather voluntarily dismiss all or some of its claims under Rules 41 or 15.[2] Rules 41 and 15 allow plaintiffs to dismiss their case or claims without a defendant's consent, so long as the court approves. Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."); *id.* R. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave."). The Sixth Circuit realized the importance of mirror-image counterclaims under these circumstances: "Rule 41 affords some measure of protection to defendants, yet it is limited to a dismissal upon such terms and conditions as the *court* deems proper." *Dominion Elec.*, 126 F.2d at 174 (emphasis added) (reversing district court's dismissal of mirror-image counterclaims). But Rule 41 may protect only defendants who have asserted counterclaims. "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Therefore, Freetech having its Counterclaims on file provides it an important right to have all disputed issues resolved, even if Echostar decides to cut and run.

Second, Rule 57 implicitly endorses mirror-image counterclaims when it states that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise

---

[2] Rule 15, which governs amendments to pleadings, technically governs motions for the voluntary dismissal of particular claims.

5

appropriate." Fed. R. Civ. P. 57. Accordingly, even if merely surviving a plaintiff's claims would be an "adequate remedy," a declaratory judgment action may press on.

Third, Rule 13, governing counterclaims, does not prohibit or denigrate mirror-image counterclaims. To the contrary, it would class them as compulsory, because they arise out of the same transaction or occurrence as the claims made in the corresponding complaint. *E.g.*, *Employer Ins. of Wausau v. Pacer Intern., Inc.*, No. 04-4563, 2005 WL 61481, at *3 (N.D. Ill. Jan. 11, 2005) (citing cases). *Wasau* noted that a mirror-image counterclaim "is by no means unusual; it is also, in all likelihood, compulsory" under Rule 13. *Id.* Thus, "arguably redundant" counterclaims can be asserted. *Id.*

Fourth, there are additional practical advantages to having mirror-image counterclaims in the pleadings. To start, mirror-image counterclaims prevent multiple suits, conserving judicial resources. *Dominion Elec.*, 126 F.2d at 175 ("Avoidance of multiplicity of actions is also a desideratum."). In addition, mirror-image counterclaims "[e]nsure resolution of the dispute is not delayed." *Wasau*, 2005 WL 61481, at *3. In fact, they are likely to speed resolution. Getting responses to Freetech's allegations will aid in construing and judging Echostar's claims. These responses may also aid in securing factual admissions that narrow or clarify the scope of disagreement and pave the way for an early dispositive motion. Obtaining admissions through the pleading process means getting admissions without the objections, motion practice, and other time-consuming delays that can go along with the discovery process. Echostar may wish to postpone having to make admissions, but the equities favor speedily defining the crux of the parties' disputes—and permitting judgment on the pleadings for meritless claims.

Fifth, so-called mirror-image counterclaims prompt more complete adjudication of a dispute. The "mere dismissal of a plaintiff's bill does not always adjudicate every aspect of the controversy or give the defendant all the relief to which he may be entitled." *Dominion Elec.*, 126 F.2d at 174. For example, "in a patent or trademark infringement suit, finding the defendant innocent of infringement, [makes] it unnecessary to determine issues of title, validity, or the scope of the patent claims" and "[o]ne defendant exonerated of infringement may be content with such adjudication - another may not." *Id.* Thus, it is best to wait for trial, when the contours and overlaps of claims and

6

counterclaims will become more clear. There is no need to hastily dismiss claims at the pleadings stage without full knowledge. *Oneida Tribe of Indians of Wis.*, 500 F. Supp. 2d at 1150 n.3.

Finally, allowing mirror-image counterclaims does not prejudice plaintiffs, as may be required for a successful Rule 12(f) motion, *see, e.g.*, *Wolk*, 516 F. Supp. 2d at 1133-34. If claims and counterclaims are truly identical, there will be no impact on how a case proceeds. If, on the other hand, there is not complete identity, then defendants are entitled to pursue those new issues anyway. *See Oneida Tribe of Indians of Wis.*, 500 F. Supp. 2d at 1150 n.3 ("If, as the Tribe's argument assumes, the counterclaim for declaratory relief is identical to the Tribe's own claim, allowing the Village to proceed on its claim for declaratory relief would not be an affront to the Tribe's sovereignty.").

Mirror-image counterclaims are not the proper subject of a motion to strike or a motion to dismiss. Freetech's Counterclaims, if characterized as mirror-image counterclaims, are legitimate. But Freetech's Counterclaims are not even mirror images of Echostar's claims, and are also legitimate for that reason.

## C. THE AUTHORITY RELIED UPON BY ECHOSTAR DOES NOT JUSTIFY STRIKING FREETECH'S COUNTERCLAIMS

With its brief, one page argument, Echostar attempts to make its motion appear straightforward and uncontroversial. It would have this Court believe that mirror-image counterclaims are always redundant and ripe for striking. However, the great weight of case law, as discussed above, favors the opposite conclusion.

The authority Echostar cites is, like its brief, bereft of analysis but laced with simple repetition of the false mantra that wholly redundant counterclaims should be stricken or dismissed. Neither the cases nor Echostar's brief discuss the rights a counterclaimant might lose by having its claims discarded, a discussion of what the Federal Rules require or permit, a discussion about harms or prejudice, a discussion of the practical benefits to mirror-image counterclaims, or a discussion of the substance of the causes of action raised in this litigation.

None of the cases cited by Echostar justifies the "disfavored" remedy of striking Freetech's counterclaims. For example, as explained at footnote 1 above, the only Northern District decision

cited by Echostar, *Daily v. Fed. Ins. Co.* (*see* Mot. at 5), was specifically designated "NOT FOR CITATION" and should be disregarded. *Atl. Recording Corp. v. Serrano*, No. 07-1824, 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 28, 2007), Echostar's leading case, is not only unpublished, it is a case in which the defendant did not oppose dismissal of its allegedly mirror-image counterclaims. *Id.* ("Plaintiffs argue that this claim is merely redundant of Plaintiffs' copyright infringement claim, and should be dismissed. Defendant does not counter Plaintiffs' argument."). Echostar's 1948 case, *Lee v. Park Lane Togs, Inc.*, from the Southern District of New York, has been supplanted by *Caplan v. Am. Baby, Inc.*, as discussed above. While Echostar cites Wright & Miller as supporting its position, in fact, that treatise counsels that the "safe" approach is to leave mirror-image counterclaims in play at least until trial. 8A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure, § 1406; *Oneida Tribe of Indians of Wis.*, 500 F. Supp. 2d at 1150 n.3 (citing Wright & Miller). And Moore's states that although "[s]ome courts still hold to an earlier proscription against declaratory judgment counterclaims, . . . [t]hese decisions appear unjustified under the text of Rule 13." 3 Moore's Federal Practice § 13.41 (Matthew Bender 3d ed.)

## V. CONCLUSION

Freetech's Counterclaims are proper under the Federal Rules. They provide Freetech rights it would otherwise not have. They also may allow the parties to narrow the facts and issues truly in dispute, expose hollow claims, and move the litigation along more expeditiously. Echostar has failed to demonstrate why Freetech's Counterclaims should be dismissed at this time, especially given the stringent standard of a disfavored Rule 12(f) motion. The better course, and the equitable course, is to keep Freetech's Counterclaims in this case and reject Echostar's efforts to delay responding substantially to the allegations. For these reasons, Freetech respectfully requests that the Court deny Echostar's motion.

Dated: February 25, 2008    Respectfully submitted,

WINSTON & STRAWN LLP

By:    __/s/_____
Andrew P. Bridges
Jennifer A. Golinveaux
Matthew A. Scherb

Attorneys for Defendant and Counterclaimant Freetech, Inc.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

8
SF:193189.8
Freetech, Inc.'s Opposition to Plaintiffs and Counter-defendants Motion to Dismiss - Case No. 07-6124 (JW)