DLA PIPER US LLP
Roy K. McDonald (State Bar No. 193691)
roy.mcdonald@dlapiper.com
Stephen A. Chiari (State Bar No. 221410)
stephen.chiari@dlapiper.com
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
Telephone: (415) 836-2547
Facsimile: (415) 659-7447

T. WADE WELCH & ASSOCIATES
Richard R. Olsen (*pro hac vice*)
rolsen@twwlaw.com
Timothy M. Frank (*pro hac vice*)
tfrank@twwlaw.com
2401 Fountainview, Suite 700
Houston, Texas 77057
Telephone: (713) 952-4334
Facsimile: (713) 952-4994

Attorneys for Plaintiffs
ECHOSTAR SATELLITE L.L.C.,
ECHOSTAR TECHNOLOGIES CORPORATION
and NAGRASTAR L.L.C.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES CORPORATION, a Texas Corporation, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>FREETECH, INC., a California Corporation, and DOES 1-10,<br><br>Defendants. | Case No. CV-07-6124(JW)<br><br>**PLAINTIFFS' REPLY TO DEFENDANT FREETECH, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE DEFENDANT'S COUNTERCLAIMS**<br><br>Hearing Date: March 17, 2008<br>Time: 9:00 a.m. |

Plaintiffs EchoStar Satellite L.L.C., EchoStar Technologies Corporation, and NagraStar L.L.C. (collectively "EchoStar") hereby submit this Reply to Defendant Freetech, Inc.'s Opposition to Plaintiffs' Motion to Dismiss or, alternative, Motion to Strike Defendant's Counterclaims ("Defendant's Opposition"). In support of said Reply, EchoStar states the following:

## I. INTRODUCTION

Defendant's Counterclaims are redundant and unnecessary because adjudication on the merits and defenses to Plaintiffs' claims will resolve the same issues identified in Defendant's "mirror-image" request for declaratory relief. Indeed, Defendant seeks nothing more than a proclamation that the acts alleged in the Complaint are not unlawful. (Pls.' Mot. at 5:26-6:6.) Tellingly, Defendant's Opposition fails to address, and appears to concede, this critical observation. While Defendant asserts that the "Complaint and Counterclaims are not mere 'mirror images' of each other, as EchoStar insists," Defendant's Opposition is devoid of any persuasive or substantive argument on this issue. (Def.'s Opp'n at 4:4-5.) Rather, Defendant attempts to downplay the authority on point, grapples for a reason to legitimize "mirror-image" pleadings, and relies upon an errant construction of the Federal Rules of Civil Procedure. For these reasons, as demonstrated below, the Court should dismiss Defendant's Counterclaims.

## II. ARGUMENT

**A.   The Authority Cited by EchoStar Warrants the Dismissal of Defendant's Declaratory Counterclaims as Redundant and Unnecessary.**

Recently, the federal judiciary in California acknowledged that "[c]ourts often dismiss 'mirror image' counterclaims where they merely restate issues already before the court as part of a plaintiff's affirmative case." *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824 W(JMA), 2007 WL 4612921, at *4 (S.D. Cal. Dec. 28, 2007) (citing *Avery Dennison Corp. v. Acco Brands, Inc.*, No. CV99-1877DT(MCX), 2000 WL 986995 (C.D. Cal. Feb. 22, 2000)). In what it describes as "EchoStar's leading case," Defendant's Opposition fails to distinguish the rationale or case law relied upon in *Serrano*. (Def.'s Opp'n at 8:3.) Instead, Defendant argues that *Serrano* is unpublished and "the defendant [therein] did not oppose dismissal of its . . . mirror-image

counterclaims." (Def.'s Opp'n at 8:3-5.) While true on the first account, neither argument should erase the persuasive value of *Serrano* or the relevant authority therein. Contrary to Defendant's construction of the law, the courts within this Circuit have routinely dismissed the type of "mirror image" counterclaims alleged by Defendant. *See Serrano*, 2007 WL 4612921, at *4 ("Defendant's declaratory judgment claim is redundant and unnecessary"); *Avery*, 2000 WL 986995, at *4 (finding "courts have held that where both the plaintiff's claim and a defendant's counterclaim seeking declaratory relief raise identical factual and legal issues, the counterclaim is redundant and will become moot upon dismissal of the plaintiff's claim and must be dismissed"); *Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *3 (D. Ariz. Apr. 14, 2006) (finding defendant's "claim for a declaratory judgment is redundant and unnecessary and the . . . motion to dismiss it is granted").[1]

Likewise, in addition to the case law cited in EchoStar's brief, numerous courts outside of this jurisdiction have also dismissed or stuck "mirror-image" counterclaims for declaratory relief. (Pls.' Mot. at 5:8-25); *see Pettrey v. Entr. Title Agency, Inc.*, No. 1:05-cv-1504, 2006 WL 3342633, *3-4 (N.D. Ohio Nov. 17, 2006) (dismissing declaratory counterclaims because defendants were seeking "nothing more than a proclamation that the acts alleged by [p]laintiffs are not in fact unlawful"); *Amwest Surety Ins. Co. v. Concord Bank*, No. 4:00CV1988SNL, 2003 WL 553229, at *4 (E.D. Mo. Feb. 4, 2003) (dismissing declaratory counterclaim as redundant because the counterclaim "simply seeks a 'mirror image' of the declaratory relief sought in the complaint"); *Dean v. Anderson*, No. 01-2599-JAR, 2002 WL 31115239, at *3 (D. Kan. Sept. 18, 2002) (dismissing declaratory counterclaim as redundant because the allegations therein "will become moot upon disposition of [plaintiff's] claims"); *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 152 F.R.D. 580, 582 (D. Minn. 1993) (dismissing declaratory counterclaim as redundant because the "counterclaim and the plaintiff's claim raise identical factual and legal issues); *Resolution Trust Corp. v. Ryan*, 801 F. Supp. 1545, 1556 (S.D. Miss. 1992) (dismissing

---

[1] Defendant takes issue with EchoStar's citation to *Daily v. Federal Insurance Company*, a recent unpublished decision from the Northern District of California. (Def.'s Opp'n at 4 n.1, 7:28-8:2). The *Daily* opinion was in fact designated "NOT FOR CITATION," although not reflected as such by Westlaw. EchoStar apologizes for this unintentional infraction of the Civil Local Rules, and attaches hereto as Exhibit "A" a copy of the Westlaw opinion solely to demonstrate the inadvertent error.

declaratory counterclaims as redundant because there was an "identity of factual and legal issues" between the alleged claims and counterclaims); *Green Bay Packaging, Inc. v. Hoganson & Assocs.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) (striking declaratory counterclaims as repetitious and unnecessary because the counterclaims "merely restate an issue already before this Court"). *Compare Iron Mountain Sec. Storage Corp. v. Am. Specialty Foods, Inc.*, 457 F. Supp. 1158, 1162 (E.D. Pa. 1978) (finding that a declaratory "counterclaim would not be subject to dismissal since it raises damages issues beyond the scope of the complaint"), *with John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D. Pa. 1982) (finding that "if a counterclaim 'merely serves to restate the controversy set forth in the complaint it may be striken as redundant'") (quoting 5 Moore's Federal Practice ¶ 41.09 at 41-110). Therefore, the Court should dismiss or strike Defendant's Counterclaims.

**B. The Authority Relied Upon by Defendant Does Not Justify the Use of Mirror-Image Counterclaims in the Context of this Litigation.**

Defendant contends there are reasons "to permit mirror-image counterclaims for declaratory relief to survive the pleadings." (Def.'s Opp'n at 5:8-9.) While true in certain cases,[2] Defendant's argument lacks merit in the context of this litigation—the unlawful interception and theft of encrypted satellite signals. As a threshold matter, mirror-image counterclaims (such as those filed in this case) do not conserve judicial resources nor do they "prompt [a] more complete adjudication of a dispute." (Def.'s Opp'n at 6:10-12, 22.) Instead, such pleadings present the potential for parallel motion practice (*e.g.* summary judgment) over moot issues. For example, if Plaintiffs elect to dismiss this action there would be no continuing controversy concerning Defendant's alleged conduct because the satellite signals at issue are proprietary only to Plaintiffs. (Pls.' Mot. at 3:2-19.) As such, requiring Plaintiffs to defend the Counterclaims would be futile and jeopardize judicial resources. To hold otherwise "would open the floodgates to endless potential litigation by persons seeking a declaration that there (sic) activities do not violate another's rights." *Interscope Records v. Kimmel*, No. 3:07-cv-0108, 2007 WL 1756383,

---

[2] "It is common practice for an alleged insured to file counterclaims demanding a declaration that the insurer was obligated to make payments to or to defend the insured; these cases frequently assert breach of contract counterclaims based on the insurance policy." *Employer Ins. Of Wausu v. Pacer Intern.*, No. 04-4563, 2005 WL 61481, at *3 (N.D. Ill. Jan. 11, 2005).

at *4 (N.D.N.Y. June 18, 2007); *see also Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) ("Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serve[s] no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated.") (quoting *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)); *Gentieu v. Tony Stone Images/Chicago, Inc.*, No. 00 C 269, 2000 WL 528646, at *1 (N.D. Ill. Mar. 27, 2000) ("No useful purpose is served by inserting the mirror image of a plaintiff's claim that, if lost, will give defendant precisely the relief it seeks in its counterclaim.").

Finally, to the extent Defendant asserts "protection" against a speculative and voluntary dismissal by Plaintiffs, such assurance should not take the form of redundant and duplicative counterclaims. (Def.'s Opp'n at 5:10-25.) Inasmuch as Defendant has already filed an Answer in this case, Federal Rule of Civil Procedure 41(a) provides that Plaintiffs cannot dismiss their claims without the consent of all parties, or an order from the Court "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(ii), (2). Therefore, contrary to Defendant's unwarranted apprehension, Plaintiffs cannot "cut and run" from this litigation. (Def.'s Opp'n at 5:24-25.)

### III. CONCLUSION

For the foregoing reasons, in addition to the reasons set forth in Plaintiffs' Motion to Dismiss, EchoStar respectfully requests that the Court dismiss Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Plaintiffs request that the Court strike the Counterclaims pursuant to Federal Rule of Civil Procedure 12(f).

DATED: March 3, 2008                    Respectfully submitted,

                                        T. WADE WELCH & ASSOCIATES

                                        By: /s/ Richard R. Olsen
                                            Richard R. Olsen (*pro hac vice*)
                                            Timothy M. Frank (*pro hac vice*)

                                        Attorneys for Plaintiffs
                                        ECHOSTAR SATELLITE L.L.C.,
                                        ECHOSTAR TECHNOLOGIES CORPORATION
                                        and NAGRASTAR L.L.C.

5    PLAINTIFFS' REPLY TO DEFENDANT'S
     OPPOSITION TO MOTION TO DISMISS
     OR STRIKE COUNTERCLAIMS

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 153 Townsend Street, Suite 800, San Francisco, California 94107-1957. On March 3, 2008, I served the within documents:

**PLAINTIFFS' REPLY TO DEFENDANT FREETECH, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE DEFENDANT'S COUNTERCLAIMS**

☐ by transmitting the document by electronic mail to ADR@cand.uscourts.gov on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Jonathan S. Bae, Esq.
2201 Broadway, Suite M5
Oakland, CA  94612
Tel: (510) 834-4357
Fax: (510) 663-6731

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 3, 2008, at San Francisco, California.

_Judith A. Fazackerley_
Judith A. Fazackerley

DLA PIPER US LLP
SAN FRANCISCO

SF\3141321.1