United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Echostar Satellite LLC, et al.,<br><br>        Plaintiffs,<br>   v.<br>Freetech Inc., et al.,<br><br>        Defendants.<br>                                         / | NO. C 07-06124 JW<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANT'S COUNTERCLAIMS** |

## I. INTRODUCTION

Echostar Satellite LLC ("Echostar"), Echostar Technologies Corporation ("Echostar Technologies"), and Nagrastar LLC ("Nagrastar") (collectively, "Plaintiffs") bring this action against Freetech, Inc. ("Defendant"), alleging, *inter alia*, circumvention of their encryption technology in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201(a)(2) and 1201(b)(1). Presently before the Court is Plaintiffs' Motion to Dismiss or, in the Alternative, to Strike Defendant's Counterclaims. (hereafter, "Motion," Docket Item No. 17.)

The Court found it appropriate to take the motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Plaintiffs' motion.

## II. BACKGROUND

In a Complaint filed on December 4, 2007, Plaintiffs allege as follows:

    Plaintiffs Echostar and Nagrastar are Colorado limited liability companies with their principle places of business in Colorado. Plaintiff Echostar technologies is a Texas

corporation with its principle place of business in Colorado. (Complaint ¶¶ 8-10, Docket Item No. 1.)

Plaintiffs provide the popular "DISH Network" hardware and service, which allows individuals to watch satellite television much as they would cable television. A consumer wishing to subscribe to Dish Network programming must first have the necessary equipment, including: (1) a satellite dish; (2) a receiver/decoder; and (3) an Echostar Access Card. The Access Card allows users to access encrypted Dish Network programming. (Id. ¶¶ 16-18.)

Defendants distribute and promote the sale of Free-To-Air ("FTA") satellite receivers in the United States. While FTA receivers may be used to lawfully watch free satellite programming, Defendants' FTA receivers are specifically designed to accept software which allows consumers to view Dish Network programming without an Access Card, or a subscription to Plaintiffs' service. (Id. ¶¶ 36-44.)

On the basis of the allegations outlined above, Plaintiffs allege seven causes of action against Defendant: (1) violation of the DMCA, 17 U.S.C. § 1201(a)(2); (2) violation of the DMCA, 17 U.S.C. § 1201(b)(1); (3) violation of the Communications Act, 47 U.S.C. § 605(a); (4) violation of the Communications Act, 47 U.S.C. § 605(e)(4); (5) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2520(a); (6) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; and (7) unjust enrichment.

Defendant alleges the following counterclaims against Plaintiffs: (1) declaration of no violation of the DMCA; (2) declaration of no violation of the Communications Act, 47 U.S.C. § 605(a); (3) declaration of no violation of the Communications Act, 47 U.S.C. § 605(e)(4); (4) declaration of no violation of the Electronic Communications Privacy Act; (5) declaration of no violation of Cal. Bus. & Prof. Code § 17200; and (6) declaration of no unjust enrichment.

Presently before the Court is Plaintiffs' motion to dismiss or, in the alternative, to strike Defendant's counterclaims.

2

# III. STANDARDS

## A. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## B. Striking Redundant Defenses

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."

1  Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); See, e.g., Cal.
2  Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 1028 (C.D. Cal. 2002).
3  Accordingly, such motions should be denied unless the matter has no logical connection to the
4  controversy at issue and may prejudice one or more of the parties to the suit. SEC v. Sands, 902 F.
5  Supp. 1149, 1166 (C.D. Cal. 1995); LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 820
6  (N.D. Cal. 1992). When considering a motion to strike, the court "must view the pleading in a light
7  most favorable to the pleading party." In re 2TheMart.com, Inc. Securities Litig., 114 F. Supp. 955,
8  965 (C.D. Cal. 2000).

## IV.  DISCUSSION

10  Plaintiffs move to dismiss, or in the alternative, to strike Defendant's counterclaims for
11  declaratory relief on the ground that Defendant's claims restate issues already before the Court as
12  part of Plaintiffs' affirmative case. (Motion at 5.)
13  There was once some question as to whether a counterclaim based upon essentially the same
14  facts as a claim in the complaint should be dismissed or stricken as redundant. See e.g., Scruggs v.
15  Casco Corp., 32 F. Supp. 625 (D. Conn. 1940); Forstner Chain Corp. v. Gemex Co., 1 F.R.D. 115
16  (D.N.J. 1940). However, a counterclaim for a declaration of non-liability may be useful in
17  protecting defendant from harassment by dismissal of the action, and as such, counterclaims of this
18  kind are now commonly allowed. Maulsby v. Conzevoy, 161 F.2d 165, 167 (9th Cir. 1947); Kalo
19  Inoculant Co. v. Funk Bros. Seed Co., 161 F.2d 981 (7th Cir. 1947); International Woodworkers of
20  America, Local 6-64, CIO v. McCloud River Lumber Co, 119 F. Supp. 475 (N.D. Cal. 1953); M.
21  Swift & Sons, Inc. v. Lemon, 24 F.R.D. 43 (S.D.N.Y. 1959); Integrity Magnesia Corp. v. Mifflin,
22  McCambridge Co., 28 F.R.D. 596 (E.D. Pa. 1961).
23  In this case, Plaintiffs allege that Defendant provides FTA receivers and regularly updates
24  firmware and software which allow the FTA receivers to circumvent the encryption of DISH
25  Network programming. (Complaint ¶¶ 36-44.) Plaintiffs bring suit against Defendant for, *inter alia*,
26  violation of the DMCA, and they seek an injunction to prevent continuing violation of the act.

4

(Complaint ¶¶ 45-56, Prayer for Relief.) Since the alleged conduct is of a continuing nature, were Plaintiffs to decide to dismiss this case, they would be free to bring an entirely new action based on substantially the same allegations. Defendant's counterclaims allow the Court to determine the rights and obligations of Defendant with respect to the products and services it provides whether or not Plaintiffs dismiss. Defendant is entitled to have the issue of its liability resolved now that it has been put in controversy by Plaintiffs. Moreover, the counterclaims do not prejudice Plaintiffs because there are based on essentially the same facts and law as Plaintiffs causes' of action. Thus, the Court finds that Defendant's counterclaims for declaratory relief are not "redundant" within the meaning of Rules 12(b)(6) or 12(f).

## V. CONCLUSION

The Court DENIES Plaintiff's Motion to Dismiss, or in the Alternative, to Strike Defendant's Counterclaims.

Dated: May 8, 2008

JAMES WARE
United States District Judge

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew P. Bridges abridges@winston.com
Jennifer A. Golinveaux jgolinveaux@winston.com
Matthew Alex Scherb mscherb@winston.com
Richard R. Olsen rolsen@twwlaw.com
Roy Kyo McDonald roy.mcdonald@dlapiper.com
Stephen Andrew Chiari stephen.chiari@dlapiper.com
Timothy M. Frank tfrank@twwlaw.com

**Dated: May 8, 2008**                                    **Richard W. Wieking, Clerk**

                                                          **By:   /s/ JW Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**

*United States District Court*
For the Northern District of California