Timothy M. Frank (*pro hac vice*)
tfrank@twwlaw.com
**T. WADE WELCH & ASSOCIATES**
2401 Fountainview, Suite 700
Houston, Texas 77057
Telephone: (713) 952-4334
Facsimile: (713) 952-4994

Roy K. McDonald (State Bar No. 193691)
roy.mcdonald@dlapiper.com
Stephen A. Chiari (State Bar No. 221410)
stephen.chiari@dlapiper.com
**DLA PIPER US LLP**
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
Telephone: (415) 836-2547
Facsimile: (415) 659-7447

Attorneys for Plaintiffs/Counter-defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C. et al., | Case No. CV-07-6124 (JW) |
| Plaintiffs, | **PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS** |
| v. | |
| FREETECH, INC. and DOES 1-10, | |
| Defendants. | |
| FREETECH, INC., | |
| Counterclaimant, | |
| v. | |
| ECHOSTAR SATELLITE L.L.C. et al., | |
| Counter-defendants. | |

## ANSWER TO COUNTERCLAIMS

1.      Plaintiffs/Counter-defendants EchoStar Satellite L.L.C., EchoStar Technologies Corporation, and NagraStar L.L.C. (collectively, "Plaintiffs") admit that the Court has jurisdiction over the counterclaims filed by Defendant/Counterclaimant Freetech, Inc. ("Defendant"). Except as expressly admitted, Plaintiffs deny the allegations in this paragraph of the counterclaims.

2.      Plaintiffs are informed and believe and on that basis admit that Defendant imports and distributes Coolsat-branded satellite receivers capable of receiving, without limitation, free-to-air satellite transmissions. Except as expressly admitted, Plaintiffs deny the allegations in this paragraph of the counterclaims.

3.      Plaintiffs are without sufficient information to form a belief as to the truth of the allegations in this paragraph of the counterclaims and therefore deny same.

4.      Plaintiffs are informed and believe and on that basis admit that Coolsat-branded receivers are designed to receive satellite transmissions. Except as expressly admitted, Plaintiffs deny the allegations in this paragraph of the counterclaims.

5.      Plaintiffs admit that satellite receivers capable of receiving satellite transmissions have been available to consumers for several years. Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph of the counterclaims and therefore deny same.

6.      Plaintiffs are informed and believe and on that basis admit that a company now operating under the EchoStar Europe trade name, at one time or another, distributed receivers capable of receiving free-to-air satellite transmissions. The EchoStar Europe website speaks for itself and therefore Plaintiffs deny the second and fifth sentences. Except as expressly admitted or denied, Plaintiffs deny the allegations in this paragraph of the counterclaims.

7.      Plaintiffs are informed and believe and on that basis admit that Coolsat-branded receivers are capable of receiving, without limitation, free-to-air satellite transmissions that are freely available. Except as expressly admitted, Plaintiffs deny the allegations in this paragraph of the counterclaims.

8.      Plaintiffs admit that certain satellite transmissions are not scrambled or encrypted

1  and freely available to viewers.  Plaintiffs are without sufficient information to form a belief as to

2  the truth of the remaining allegations in this paragraph of the counterclaims and therefore deny

3  same.

4      9.      Plaintiffs are without sufficient information to form a belief as to the truth of the

5  allegations in this paragraph and therefore deny same.

6      10.     Plaintiffs are without sufficient information to form a belief as to the truth of the

7  allegations in this paragraph and therefore deny same.

8      11.     Plaintiffs are without sufficient information to form a belief as to the truth of the

9  allegations in this paragraph and therefore deny same.

10     12.     Plaintiffs are without sufficient information to form a belief as to the truth of the

11  allegations in this paragraph and therefore deny same.

12     13.     Plaintiffs are without sufficient information to form a belief as to the truth of the

13  allegations in this paragraph and therefore deny same.

14     14.     Plaintiffs are without sufficient information to form a belief as to the truth of the

15  allegations in this paragraph and therefore deny same.

16     15.     Plaintiffs are without sufficient information to form a belief as to the truth of the

17  allegations in this paragraph and therefore deny same.

18     16.     Plaintiffs admit that DISH Network programming is delivered through encrypted

19  or scrambled satellite transmissions to consumers that have acquired the necessary equipment and

20  after payment of a subscription fee.  Except as expressly admitted, Plaintiffs deny the allegations

21  in this paragraph of the counterclaims.

22     17.     Plaintiffs admit that DISH Network subscribers can opt to receive programming

23  packages that contain international content for an additional fee.  Plaintiffs are without sufficient

24  information to form a belief as to the truth of the remaining allegations in this paragraph of the

25  counterclaims and therefore deny same.

26     18.     Plaintiffs are informed and believe and on that basis admit that CCTV-9 is freely

27  available to satellite television consumers that have the necessary equipment, including DISH

28  Network customers.  Plaintiffs admit that CCTV-9 is also part of the "Great Wall TV Package"

---

3    PLAINTIFFS' ANSWER TO
     COUNTERCLAIMS

1   made available to DISH Network customers at an additional fee.  Except as expressly admitted,

2   Plaintiffs deny the allegations in this paragraph of the counterclaims.

3        19.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

4        20.    Plaintiffs are without sufficient information to form a belief as to the truth of the

5   allegations in this paragraph and therefore deny same.

6        21.    Plaintiffs are informed and believe and on that basis admit that evidence available

7   at this time suggests that Coolsat-branded receivers distributed by Defendant typically require the

8   addition of software to receive encrypted DISH Network programming.  Except as expressly

9   admitted, Plaintiffs deny the allegations in this paragraph of the counterclaims.

10       22.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

11       23.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

12       24.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

13       25.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

14       26.    Plaintiffs admit that Coolsat-branded receivers have data ports as alluded to in the

15  Complaint.  Plaintiffs are without sufficient information to form a belief as to the truth of the

16  remaining allegations in this paragraph and therefore deny same.

17       27.    Plaintiffs are informed and believe and on that basis admit that a company now

18  operating under the EchoStar Europe trade name, at one time or another, distributed receivers

19  capable of receiving free-to-air satellite transmissions, and that firmware downloads are available

20  at www.echostareurope.com.  Plaintiffs are without sufficient information to form a belief as to

21  the truth of the remaining allegations in this paragraph and therefore deny same.

22       28.    Plaintiffs are without sufficient information to form a belief as to the truth of the

23  allegations in this paragraph and therefore deny same.

24       29.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

25       30.    Plaintiffs are without sufficient information to form a belief as to the truth of the

26  allegations in this paragraph and therefore deny same.

27       31.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

28       32.    Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

PLAINTIFFS' ANSWER TO
COUNTERCLAIMS

33.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

34.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

35.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

36.     Plaintiffs are without sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

37.     Plaintiffs are without sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

38.     Plaintiffs    admit    that    the    quoted    material    currently    appears    at www.coolsatusa.com/inc.php?inc=terms.  Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.

39.     Plaintiffs    admit    that    the    quoted    material    currently    appears    at www.coolsatusa.com/inc.php?inc=support.    Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.

40.     Plaintiffs admit that the quoted material currently appears at www.coolsatusa.com. Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.

41.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

42.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

43.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

44.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

45.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

46.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

47.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

48.     Plaintiffs deny that Defendant did not illegally receive or otherwise acquire profits and property of Plaintiffs.  Plaintiffs are without sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.

49.     Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

50.     Plaintiffs admit this litigation was initiated against Defendant for the acts set forth

PLAINTIFFS' ANSWER TO
COUNTERCLAIMS

1  in the Complaint.  Plaintiffs are without sufficient information to form a belief as to the truth of
2  the remaining allegations in the first sentence and therefore deny same.  The remainder of this
3  paragraph states legal conclusions to which no response is required, and if required, denied.

## FIRST CAUSE OF ACTION

### Declaration Of No Violation Of the Digital Millennium Copyright Act

51.   Plaintiffs incorporate their responses to paragraphs 1-50 of the counterclaims.

52.   Plaintiffs admit the allegations set forth in this paragraph of the counterclaims.

53.   Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

## SECOND CAUSE OF ACTION

### Declaration Of No Violation Of Section 605(a) of the Communications Act

54.   Plaintiffs incorporate their responses to paragraphs 1-53 of the counterclaims.

55.   Plaintiffs admit the allegations set forth in this paragraph of the counterclaims.

56.   Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

## THIRD CAUSE OF ACTION

### Declaration Of No Violation Of Section 605(e)(4) of the Communications Act

57.   Plaintiffs incorporate their responses to paragraphs 1-56 of the counterclaims.

58.   Plaintiffs admit the allegations set forth in this paragraph of the counterclaims.

59.   Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

## FOURTH CAUSE OF ACTION

### Declaration Of No Violation Of the Electronic Communications Privacy Act

60.   Plaintiffs incorporate their responses to paragraphs 1-59 of the counterclaims.

61.   Plaintiffs admit the allegations set forth in this paragraph of the counterclaims.

62.   Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

## FIFTH CAUSE OF ACTION

### Declaration Of No Violation Of California's Bus. & Profs. Code § 17200

63.   Plaintiffs incorporate their responses to paragraphs 1-62 of the counterclaims.

64.   Plaintiffs admit the allegations set forth in this paragraph of the counterclaims.

65.   Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

## FIFTH [*sic*] CAUSE OF ACTION

### Declaration Of No Unjust Enrichment

66.   Plaintiffs incorporate their responses to paragraphs 1-65 of the counterclaims.

67.   Plaintiffs admit the allegations set forth in this paragraph of the counterclaims.

68.   Plaintiffs deny the allegations set forth in this paragraph of the counterclaims.

## PRAYER FOR RELIEF

Plaintiffs deny that Defendant is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Plaintiffs assert the following defenses in response to Defendant's counterclaims:

1.   Each counterclaim fails to state a claim for relief upon which relief can be granted.

2.   Each counterclaim fails to present an actual case or controversy.

3.   Each counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

DATED:  May 21, 2008

Respectfully submitted,

**T. WADE WELCH & ASSOCIATES**

By:  /s/ Timothy M. Frank
     Timothy M. Frank (*pro hac vice*)

Attorneys for Plaintiffs/Counter-defendants

PLAINTIFFS' ANSWER TO
COUNTERCLAIMS

1

## PROOF OF SERVICE

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 153 Townsend Street, Suite 800, San Francisco, California 94107-1957. On May 22, 2008, I served the within documents:

3

4

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**

5

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

6

7

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

8

9

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

11

Jonathan S. Bae, Esq.
2201 Broadway, Suite M5
Oakland, CA 94612
Tel: (510) 834-4357
Fax: (510) 663-6731

12

13

14

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19

Executed on May 22, 2008, at San Francisco, California.

20

21

*Judith A. Fazackerley*

22

Judith A. Fazackerley

23

24

25

26

27

28

SF\3141321.1