1    Andrew P. Bridges (SBN: 122761)
     abridges@winston.com
2    Jennifer A. Golinveaux (SBN: 203056)
     jgolinveaux@winston.com
3    Matthew A. Scherb (SBN: 237461)
     mscherb@winston.com
4    WINSTON & STRAWN LLP
     101 California Street
5    San Francisco, CA  94111-5894
     Telephone:    (415) 591-1000
6    Facsimile:    (415) 591-1400

7    Jonathan Bae (SBN: 229967)
     bae@baelawfirm.com
8    LAW OFFICE OF JONATHAN BAE
     2201 Broadway, Suite M5
9    Oakland, CA 94612
     Telephone:    (510) 834-4357
10   Facsimile:    (510) 663-6731

11   Attorneys for Defendant and Counterclaimant
     FREETECH, INC.

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16   ECHOSTAR SATELLITE L.L.C.,              Case No. 07-6124 (JW)
     ECHOSTAR TECHNOLOGIES
17   CORPORATION, and NAGRASTAR L.L.C.,      DECLARATION OF JENNIFER A.
                                             GOLINVEAUX IN SUPPORT OF MOTION
18                  Plaintiffs,              FOR PROTECTIVE ORDER

19           vs.                             Date:     September 15, 2008
                                             Time:     9:00 a.m.
20   FREETECH, INC. and DOES 1-10,           Place:    Courtroom 8, 4th Floor, San Jose

21                  Defendants.

22   FREETECH, INC.,

23                  Counterclaimant,

24           vs.

25   ECHOSTAR SATELLITE L.L.C.,
     ECHOSTAR TECHNOLOGIES
26   CORPORATION, and NAGRASTAR L.L.C.,

27                  Counter-defendants.

28

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

I, Jennifer A. Golinveaux, declare:

1.        I am an attorney at law, duly licensed to practice law in the State of California.  I am a Partner in the law firm of Winston & Strawn LLP, counsel of record for Defendant and Counterclaimant in this action, Freetech, Inc. ("Freetech"), and am authorized to make this declaration in that capacity.  I make this declaration of my own personal knowledge and, if called upon to testify, could and would testify competently as stated herein.

2.        Early in the case, Plaintiffs' counsel explained to me, that Plaintiffs' goal was to put Freetech "out of business."

3.        On July 16, 2008, Plaintiff and Counter-defendant Echostar Satellite L.L.C. (now known as DISH Network L.L.C.), Echostar Technologies Corporation (now known as EchoStar Technologies L.L.C.), and Nagrastar L.L.C., served a first wave of identical subpoenas on 27 alleged distributors of Freetech's FTA devices (the "July 16 Subpoenas").  These subpoenas sought production of 14 categories of documents and things, including "all documents concerning Satellite Television Piracy," "all documents concerning EchoStar's Conditional Access System," "all documents concerning Third Party Software," and "all documents concerning the capability of Coolsat Receivers to receive DISH Network Programming."  The July 16 Subpoenas also demanded "copies of all Third Party Software" and "all Coolsat Receivers that are capable of receiving DISH Network Programming."  A true and correct copy of one of the July 16 Subpoenas is Exhibit A to this declaration.

4.        A week later, on July 25, 2008, Plaintiffs served a second wave of 17 additional subpoenas on distributors of Freetech's FTA receivers (the "July 25 Subpoenas") with the following new demand for:

> Documents sufficient to identify each Person who purchased or otherwise obtained a Coolsat Receiver or Receivers from You during the period January 1, 2003 to June 30, 2008, including each Person's name, address, phone number, and email address, and the purchase date, purchase price, purchase quantity, and model number for each Receiver.

A true and correct copy of one of the July 25 Subpoenas is Exhibit B to this declaration.

5.        During the meet and confer process, Plaintiffs' counsel asserted that Plaintiffs need the information sought in the July 25 Subpoenas in order to contact and survey purchasers of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

1  Freetech's receivers regarding how they use the receivers. Plaintiffs claimed that customer

2  information is necessary for Plaintiffs to conduct a survey analysis on the issue of whether

3  Defendant's FTA receivers are primarily being used for the piracy of Plaintiffs' DISH Network

4  satellite signal – as opposed to receiving and viewing purely free-to-air television programming.

5       6.       Counsel for both parties met and conferred regarding the issue raised in Freetech's

6  motion for protective order but were unable to resolve this dispute:

7       7.       Attached as Exhibit C to this declaration is a press release announcing an agreement

8  between Viacom and Youtube concerning privacy issues in turning over search data printed from

9  Viacom's website.

10       I declare under penalty of perjury that the foregoing is true and correct. Executed on August

11  11, 2008 in San Francisco, California.

12

13                              ____/s/_____

14                              Jennifer A. Golinveaux

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# EXHIBIT "A"
# TO THE DECLARATION OF JENNIFER GOLINVEAUX IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Middle District of Florida

ECHOSTAR SATELLITE L.L.C. et al.,

V.

FREETECH, INC. and DOES 1-10

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  CV-07-6124(JW) - USDC N. CA

TO:  Dish Jockey Satellite Store Inc, c/o Tracy Varga Reg. Agent
     51 Uhl Path
     Palm Coast, FL 32164

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE  Esquire Deposition Services, 444 SeaBreaze Blvd., Ste. 740, Daytona, FL 32118 | DATE AND TIME  8/18/2008 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff: *Stephen M. Ferguson* | 7/16/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen M. Ferguson, T. Wade Welch & Associates, 2401 Fountainview, Suite 700, Houston, TX 77057
(713) 952-4334

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1 | Chad M. Hagan (*pro hac vice*)
chagan@twwlaw.com
2 | Timothy M. Frank (*pro hac vice*)
tfrank@twwlaw.com
3 | Stephen M. Ferguson (*pro hac vice*)
sferguson@twwlaw.com
4 | **T. WADE WELCH & ASSOCIATES**
5 | 2401 Fountainview, Suite 700
Houston, Texas 77057
6 | Telephone:  (713) 952-4334
Facsimile:  (713) 952-4994
7 |
8 | Roy K. McDonald (State Bar No. 193691)
roy.mcdonald@dlapiper.com
9 | Stephen A. Chiari (State Bar No. 221410)
stephen.chiari@dlapiper.com
10 | **DLA PIPER US LLP**
153 Townsend Street, Suite 800
11 | San Francisco, California 94107-1957
Telephone: (415) 836-2547
12 | Facsimile: (415) 659-7447

13 | Attorneys for Plaintiffs/Counter-defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C. et al., | Case No. CV-07-6124 (JW) |
| Plaintiffs, | |
| v. | ATTACHMENT "A" |
| FREETECH, INC. and DOES 1-10, | |
| Defendants. | |
| FREETECH, INC., | |
| Counterclaimant, | |
| v. | |
| ECHOSTAR SATELLITE L.L.C. et al., | |
| Counter-defendants. | |

1   TO:    Dish Jockey Satellite Store Inc., c/o Tracy Varga, Registered Agent, 51 Uhl Path,

2          Palm Coast, FL 32164.

3          Dish Network L.L.C., formerly known as EchoStar Satellite L.L.C., ("EchoStar") serves

4   these Requests for Production of Documents on Dish Jockey Satellite Store Inc. All responsive

5   documents and things are to be produced at the offices of Esquire Deposition Services, 444

6   SeaBreaze Boulevard, Suite 740, Daytona, FL 32118, by August 18, 2008 at 10:00 a.m.

7                          **DEFINITIONS & INSTRUCTIONS**

8          1.     **Freetech.**  The term "Freetech" shall mean Freetech, Inc. and any officer, director,

9   agent, employee, representative, or other person acting on its behalf.

10         2.     **EchoStar.**  The term "EchoStar" shall mean Dish Network L.L.C., formerly

11  known as EchoStar Satellite L.L.C., which operates a satellite system under the trade name DISH

12  Network.

13         3.     **DISH Network Programming.**  The term "DISH Network Programming" shall

14  mean EchoStar's encrypted or scrambled satellite television programming.

15         4.     **Coolsat Receiver.**  The term "Coolsat Receiver" shall mean the Coolsat branded

16  satellite television receivers distributed by Freetech.

17         5.     **Third Party Software.**  The term "Third Party Software" shall mean any software

18  other than the default or factory software on a Coolsat Receiver. "Third Party Software"

19  expressly includes any file, firmware, or bin that is used, or intended for use, in connection with a

20  Coolsat Receiver to receive encrypted or scrambled programming like that offered by DISH

21  Network.

22         6.     **Satellite Television Piracy.**   The phrase "Satellite Television Piracy" shall be

23  construed broadly and include the unauthorized reception, decryption, or descrambling of

24  EchoStar's satellite television signals, or the compromise or circumvention of any technology that

25  limits or restricts access to EchoStar's satellite television signals, such as EchoStar's Conditional

26  Access Security System.

27         7.     **Conditional Access Security System.**  The phrase "Conditional Access Security

28  System" shall mean any technology, or part thereof, that limits the electronic transmission of

Attachment "A"

1  satellite television programming to subscribed clients by scrambling the transmission and

2  requiring certain criteria to be met before granting access to such content.

3    8.  **Document.**  The term "document" is defined to be synonymous in meaning and

4  equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including

5  electronically stored information and computerized data compilations.  A draft or non-identical

6  copy is a separate document within the meaning of this term.

7    9.  **Communication.**  The term "communication" shall mean any conversation,

8  correspondence, or any other medium through which information is transmitted.

9    10.  **Person.**  The term "person" is defined as any natural person or group of persons,

10  or any business, legal or governmental entity or association, or any internet website.

11    11.  **You/Your.**  The terms "you" and "your" refers to the party to whom this request

12  is directed or served upon in all of its capacities, including, but not limited to, its present and

13  former subsidiaries, affiliates or partnerships, its predecessors-in-interest, its successors-in-

14  interest, its present and former partners, investors, employees, agents, representatives, servants,

15  consultants, and/or attorneys, any Person controlling, controlled by, or under control with it, and

16  any Person acting on behalf of it or any of its affiliates and partners of its predecessors-in-interest.

17    12.  **Concerning.**  The term "concerning" shall mean describing, discussing, depicting,

18  consisting of, evidencing, relating to, commenting upon, or in any way regarding.

19    13.  **Include or Including.**  The terms "include" and "including" shall mean "included,

20  but not limited to."

21    14.  **And/Or.**  The connectives "and" and "or" shall be construed either disjunctively

22  or conjunctively as necessary to bring within the scope of the discovery request all responses that

23  might otherwise be construed to be outside of its scope.

24    15.  The singular form of a word shall be interpreted in the plural where appropriate.

25    16.  If the meaning of any term in these requests is unclear, You shall assume a

26  reasonable meaning, state the assumed meaning, and respond to the request according to the

27  assumed meaning.

28

1      17.     If any document has been lost or destroyed, the document so lost or destroyed shall

2    be identified by author, date, subject matter, date of loss or destruction, the identity of the person

3    responsible for the loss or destruction, and if destroyed, the reason for such destruction.

4      18.     Unless otherwise specified, the documents requested should be limited to the

5    period January 1, 2003 through the present date.

6                           **REQUESTS FOR PRODUCTION**

7      1.      All documents concerning Satellite Television Piracy.

8      2.      All communications and documents that identify communications between You

9    and Freetech or any other Person concerning Satellite Television Piracy.

10      3.      All documents concerning EchoStar's Conditional Access Security System.

11      4.      All communications and documents that identify communications between You

12    and Freetech or any other Person concerning EchoStar's Conditional Access Security System.

13      5.      All documents concerning Third Party Software.

14      6.      All communications and documents that identify communications between You

15    and Freetech or any other Person concerning Third Party Software.

16      7.      All documents concerning the capability of Coolsat Receivers to receive DISH

17    Network Programming, either with or without the addition of Third Party Software.

18      8.      All communications and documents that identify communications between You

19    and Freetech or any other Person concerning the capability of Coolsat Receivers to receive DISH

20    Network Programming, either with or without the addition of Third Party Software.

21      9.      Produce copies of all Third Party Software.

22      10.    Produce for inspection and copying all Coolsat Receivers that are capable of

23    receiving DISH Network Programming.

24      11.    Documents sufficient to identify each website on which You advertise or have

25    advertised Coolsat Receivers.

26      12.    Documents sufficient to identify each website in which You hold or have held an

27    ownership interest.

28

1      13.    All documents concerning the name or alias "David Smith," "Tecknofreak,"

2 "Technofreak," "Matchstick," "Blindscan," or "Norwest Group."

3      14.    All communication and documents that identify communications between You and

4 Freetech or any other person concerning the name or alias "David Smith," "Tecknofreak,"

5 "Technofreak," "Matchstick," "Blindscan," or "Norwest Group."

6

7 DATED: July 16, 2008

8

9           By:    _Stephen M. Ferguson_

                Stephen M. Ferguson (*pro hac vice*)

10                 sferguson@twwlaw.com

                Chad M. Hagan (*pro hac vice*)

11                 chagan@twwlaw.com

                Timothy M. Frank (*pro hac vice*)

12                 tfrank@twwlaw.com

                **T. WADE WELCH & ASSOCIATES**

13                 2401 Fountainview, Suite 700

                Houston, Texas 77057

14                 Telephone: (713) 952-4334

                Facsimile: (713) 952-4994

15

16                 Roy K. McDonald (State Bar No. 193691)

                roy.mcdonald@dlapiper.com

17                 Stephen A. Chiari (State Bar No. 221410)

                stephen.chiari@dlapiper.com

18                 **DLA PIPER US LLP**

                153 Townsend Street, Suite 800

19                 San Francisco, California 94107-1957

                Telephone: (415) 836-2547

                Facsimile: (415) 659-7447

20

21

22

23

24

25

26

27

28

# EXHIBIT "B"
# TO THE DECLARATION OF JENNIFER GOLINVEAUX IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Middle District of Florida

ECHOSTAR SATELLITE L.L.C. et al.,

V.

FREETECH, INC. and DOES 1-10

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-07-6124(JW) - USDC N. CA

TO: Dish Jockey Satellite Store Inc, c/o Tracy Varga Reg. Agent
51 Uhl Path
Palm Coast, FL 32164

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A"

| PLACE   Esquire Deposition Services, 444 SeaBreaze Blvd., Ste. 740, Daytona, FL 32118 | DATE AND TIME  8/25/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiff: *Stephen M. Ferguson* | DATE  7/25/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen M. Ferguson, T. Wade Welch & Associates, 2401 Fountainview, Suite 700, Houston, TX 77057
(713) 952-4334

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

                                        _____
                                        SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Chad M. Hagan (*pro hac vice*)
chagan@twwlaw.com
Timothy M. Frank (*pro hac vice*)
tfrank@twwlaw.com
Stephen M. Ferguson (*pro hac vice*)
sferguson@twwlaw.com
**T. WADE WELCH & ASSOCIATES**
2401 Fountainview, Suite 700
Houston, Texas 77057
Telephone:  (713) 952-4334
Facsimile:  (713) 952-4994

Roy K. McDonald (State Bar No. 193691)
roy.mcdonald@dlapiper.com
Stephen A. Chiari (State Bar No. 221410)
stephen.chiari@dlapiper.com
**DLA PIPER US LLP**
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
Telephone: (415) 836-2547
Facsimile: (415) 659-7447

Attorneys for Plaintiffs/Counter-defendants

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C. et al., | Case No. CV-07-6124 (JW) |
| Plaintiffs, | |
| v. | ATTACHMENT "A" |
| FREETECH, INC. and DOES 1-10, | |
| Defendants. | |
| FREETECH, INC., | |
| Counterclaimant, | |
| v. | |
| ECHOSTAR SATELLITE L.L.C. et al., | |
| Counter-defendants. | |

1    TO:    Dish Jockey Satellite Store Inc., c/o Tracy Varga, Registered Agent, 51 Uhl Path,

2    Palm Coast, FL 32164.

3    Dish Network L.L.C., formerly known as EchoStar Satellite L.L.C., ("EchoStar") serves

4    these Requests for Production of Documents on Dish Jockey Satellite Store Inc. All responsive

5    documents and things are to be produced at the offices of Esquire Deposition Services, 444

6    SeaBreaze Boulevard, Suite 740, Daytona, FL 32118, by August 25, 2008 at 10:00 a.m.

7    **DEFINITIONS & INSTRUCTIONS**

8    1.    **Freetech.**  The term "Freetech" shall mean Freetech, Inc. and any officer, director,

9    agent, employee, representative, or other person acting on its behalf.

10    2.    **EchoStar.**  The term "EchoStar" shall mean Dish Network L.L.C., formerly

11    known as EchoStar Satellite L.L.C., which operates a satellite system under the trade name DISH

12    Network.

13    3.    **Coolsat Receiver.**  The term "Coolsat Receiver" or "Receiver" shall mean the

14    Coolsat branded satellite television receivers distributed by Freetech.

15    4.    **Document.**    The term "document" is defined to be synonymous in meaning and

16    equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including

17    electronically stored information and computerized data compilations.  A draft or non-identical

18    copy is a separate document within the meaning of this term.

19    5.    **Person.**  The term "person" is defined as any natural person or group of persons,

20    or any business, legal or governmental entity or association, or any internet website.

21    6.    **You/Your.**   The terms "you" and "your" refers to the party to whom this request

22    is directed or served upon in all of its capacities, including, but not limited to, its present and

23    former subsidiaries, affiliates or partnerships, its predecessors-in-interest, its successors-in-

24    interest, its present and former partners, investors, employees, agents, representatives, servants,

25    consultants, and/or attorneys, any Person controlling, controlled by, or under control with it, and

26    any Person acting on behalf of it or any of its affiliates and partners of its predecessors-in-interest.

27    7.    **Include or Including.**  The terms "include" and "including" shall mean "included,

28    but not limited to."

1    8.    **And/Or.** The connectives "and" and "or" shall be construed either disjunctively

2    or conjunctively as necessary to bring within the scope of the discovery request all responses that

3    might otherwise be construed to be outside of its scope.

4    9.    The singular form of a word shall be interpreted in the plural where appropriate.

5    10.    If the meaning of any term in these requests is unclear, You shall assume a

6    reasonable meaning, state the assumed meaning, and respond to the request according to the

7    assumed meaning.

8    11.    If any document has been lost or destroyed, the document so lost or destroyed shall

9    be identified by author, date, subject matter, date of loss or destruction, the identity of the person

10    responsible for the loss or destruction, and if destroyed, the reason for such destruction.

11    12.    Unless otherwise specified, the documents requested should be limited to the

12    period January 1, 2003 through the present date.

13    **REQUESTS FOR PRODUCTION**

14    1.    Documents sufficient to identify each Person who purchased or otherwise obtained

15    a Coolsat Receiver or Receivers from You during the period January 1, 2003 to June 30, 2008,

16    including each Person's name, address, phone number, and email address, and the purchase date,

17    purchase price, purchase quantity, and model number for each Receiver.

18

19    DATED:  July 25, 2008

20

21    By:    _Stephen M. Ferguson_
      Stephen M. Ferguson (*pro hac vice*)

22    sferguson@twwlaw.com
      Chad M. Hagan (*pro hac vice*)

23    chagan@twwlaw.com
      Timothy M. Frank (*pro hac vice*)

24    tfrank@twwlaw.com
      **T. WADE WELCH & ASSOCIATES**

25    2401 Fountainview, Suite 700
      Houston, Texas 77057

26    Telephone: (713) 952-4334
      Facsimile: (713) 952-4994

27

28

3    Attachment "A"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Roy K. McDonald (State Bar No. 193691)
roy.mcdonald@dlapiper.com
Stephen A. Chiari (State Bar No. 221410)
stephen.chiari@dlapiper.com
**DLA PIPER US LLP**
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
Telephone: (415) 836-2547
Facsimile: (415) 659-7447

4       Attachment "A"

**EXHIBIT "C"**
**TO THE DECLARATION OF JENNIFER**
**GOLINVEAUX IN SUPPORT OF MOTION FOR**
**PROTECTIVE ORDER**

Viacom

**VIACOM**
BET NETWORKS
MTV NETWORKS
PARAMOUNT PICTURES

NEWS
YOUTUBE LITIGATION

OUR BRANDS | INVESTOR RELATIONS | CORPORATE RESPONSIBILITY | NEWS | CAREERS

search

# VIACOM STATEMENT ON THE CONFIDENTIALITY OF YOUTUBE DATA

A recent discovery order by the Federal Court hearing the case of Viacom v. YouTube has triggered concern about what information will be disclosed by Google and YouTube and how it will be used. Viacom has not asked for and will not be obtaining any personally identifiable information of any YouTube user. The personally identifiable information that YouTube collects from its users will be stripped from the data before it is transferred to Viacom. Viacom will use the data exclusively for the purpose of proving our case against YouTube and Google.

Viacom has been in discussions with Google to develop a framework to share this data. We are committed to a process that will not only comply with the Court's confidentiality order, but that will also meet our commitment to the strongest possible internet privacy protections.

It is unfortunate that we have been compelled to go to court to protect Viacom's rights and the rights of the artists who work with and depend on us. YouTube and Google have put us in this position by continuing to defend their illegal and irresponsible conduct and by profiting from copyright infringement, when they could be implementing the safe and legal user generated content experience they promise.

about viacom | contact | privacy policy | terms of use

© 2008 Viacom Inc. All Rights Reserved.

Page 1 of 1

8/11/2008