Chad M. Hagan (*pro hac vice*)
chagan@twwlaw.com
Timothy M. Frank (*pro hac vice*)
tfrank@twwlaw.com
**T. WADE WELCH & ASSOCIATES**
2401 Fountainview, Suite 700
Houston, Texas 77057
Telephone: (713) 952-4334
Facsimile: (713) 952-4994

Roy K. McDonald (State Bar No. 193691)
roy.mcdonald@dlapiper.com
Stephen A. Chiari (State Bar No. 221410)
stephen.chiari@dlapiper.com
**DLA PIPER US LLP**
153 Townsend Street, Suite 800
San Francisco, California 94107-1957
Telephone: (415) 836-2547
Facsimile: (415) 659-7447

Attorneys for Plaintiffs/Counter-defendants

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C. et al., <br><br> Plaintiffs, <br><br> v. <br><br> FREETECH, INC. and DOES 1-10, <br><br> Defendants. <br><br> FREETECH, INC., <br><br> Counterclaimant, <br><br> v. <br><br> ECHOSTAR SATELLITE L.L.C. et al., <br><br> Counter-defendants. | Case No. CV-07-6124 (JW) <br><br> **PLAINTIFFS' RESPONSE TO AMICUS CURIAE BRIEF OF THE ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF DEFENDANT FREETECH'S MOTION FOR PROTECTIVE ORDER** <br><br> Date: September 10, 2008 <br> Time: 9:30 a.m. <br> Dept.: Courtroom 4, 5th Floor, San Jose |

**TABLE OF CONTENTS**

I. STATEMENT OF THE ISSUE ................................................................................. 1

II. INTRODUCTION & RELEVANT FACTS ............................................................ 1

III. LEGAL STANDARD ................................................................................................ 2

IV. EFF'S SPECULATIVE PRIVACY CONCERNS ARE INSUFFICIENT TO SHIELD THE HIGHLY RELEVANT CUSTOMER DATA FROM DISCOVERY. ........................................................................................................ 2

    A. The Disclosure of Customer Data Is Hardly Intrusive of Privacy Rights ...................................................................................... 3

    B. Customer Data Is Directly Relevant to the Parties' Claims and Defenses. ................................................................................ 5

    C. Any Lingering Concerns Over the Disclosure of Customer Data Should Be Addressed Through a Protective Order. ............................... 6

V. CONCLUSION ........................................................................................................... 7

**TABLE OF AUTHORITIES**

**Cases**

*ASIS Internet Servs. v. Active Response Group,*
    2008 WL 2129417 (N.D. Cal. May 20, 2008) ............................................................ 7

*Beckman Indus., Inc. v. Int'l Ins. Co.,*
    966 F.2d 470 (9th Cir. 1992) ................................................................................. 2, 4

*Breed v. United States Dist. Court,*
    542 F.2d 1114 (9th Cir. 1976) ................................................................................... 3

*Charles O Bradley Trust v. Zenith Capital LLC,*
    2005 WL 1030218 (N.D. Cal. May 3, 2005) ............................................................ 3

*Cooter & Gell v. Harmax Corp.,*
    496 U.S. 384 (1990) .................................................................................................. 4

*Hill v. Colorado,*
    530 U.S. 703 (2000) .................................................................................................. 3

*Hill v. Nat'l Collegiate Athletic Ass'n,*
    7 Cal. 4th 1 (1994) .................................................................................................... 6

*Humphreys v. Regents of the Univ. of California*,
   2006 WL 335275 (N.D. Cal. Feb. 13, 2006) ............................................................... 4, 5

*Narayan v. EGL, Inc.*,
   2006 WL 3507918 (N.D. Cal. Dec. 5, 2006) ................................................................... 3

*Nat'l Labor Relations Bd. v. Cable Car Advertisers, Inc.*,
   319 F. Supp. 2d 991 (N.D. Cal. 2004) ............................................................................ 4

*Nelson v. Nat'l Aeronautics & Space Admin.*,
   530 F.3d 865 (9th Cir. 2008) .......................................................................................... 3

*Northwestern Mem'l Hosp. v. Ashcroft*,
   362 F.3d 923 (7th Cir. 2004) .......................................................................................... 2

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
   307 F.3d 1206 (9th Cir. 2002) ........................................................................................ 2

*Pioneer Elecs. (USA), Inc. v. Superior Court*,
   40 Cal. 4th 360 (2007) .......................................................................................... 3, 4, 5, 6

*Puerto v. Superior Court*,
   158 Cal. App. 4th 1242 (2008) ................................................................................... 4, 5

*Religious Tech. Ctr. v. Wollersheim*,
   971 F.2d 364 (9th Cir. 1992) .......................................................................................... 3

*Rivera v. NIBCO, Inc.*,
   384 F.3d 822 (9th Cir. 2004) ...................................................................................... 2, 6

*Soto v. City of Concord*,
   162 F.R.D. 603 (N.D. Cal. 1995) ................................................................................ 3, 6

*Tierno v. Rite Aid Corp.*,
   2008 WL 3287035 (N.D. Cal. July 31, 2008) ............................................................. 4, 5

*Whalen v. Roe*,
   429 U.S. 589 (1977) .................................................................................................... 3, 6

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs EchoStar Satellite L.L.C., EchoStar Technologies Corporation, and NagraStar L.L.C. (collectively, "Plaintiffs") hereby submit their Response to the Amicus Curiae Brief by the Electronic Frontier Foundation ("EFF"), and in support state:

## I. STATEMENT OF THE ISSUE

Whether the disclosure of names and contact information for Freetech, Inc. customers seriously intrudes upon the customer's right of privacy to such an extent that Plaintiffs' need for this highly relevant evidence should be disregarded?

## II. INTRODUCTION & RELEVANT FACTS

Plaintiffs filed this case against Freetech, Inc. for illegally trafficking in Coolsat-branded receivers and related software files that are designed, produced, and marketed for use in stealing Plaintiffs' subscription-based satellite television programming. It is Plaintiffs' steadfast position that Coolsat receivers have virtually no viable purpose or use aside from circumventing Plaintiffs' security system and intercepting Plaintiffs' encrypted satellite signals. Freetech, of course, denies that its products are used primarily to steal. Having framed the issue, a common sense way to go about determining the predominant use of Coolsat receivers is to query the persons that purchased and presumably operated them. To this end, and as authorized by Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs subpoenaed Freetech's authorized dealers on July 16, and a second group of dealers on July 25, to respond to a narrowly tailored request seeking:

> Documents sufficient to identify each Person who purchased or otherwise obtained a Coolsat Receiver or Receivers from You during the period January 1, 2003 to June 30, 2008, including each Person's name, address, phone number, and email address, and the purchase date, purchase price, purchase quantity, and model number for each Receiver.

Freetech, and now EFF, wants to close off this discovery for various reasons, arguing everything from relevance to protecting privacy interests of the end users – most of whom are likely stealing Plaintiffs' satellite programming.

EFF's amicus brief is high on hyperbole and speculation, and nothing more. Not once does EFF state a legal basis for the alleged privacy right it claims to protect. From what Plaintiffs can discern, the privacy issues raised by EFF essentially boil down to whether Plaintiffs should be

permitted to contact an expected satellite pirate and inquire about his or her use of Freetech's products. It is hard to image how this would equate to a serious intrusion on any privacy right of Freetech customers, and the California courts, both at the federal and state level, are in agreement. Notwithstanding, to the extent there is a legally protected privacy right being advanced by EFF, any potential invasion of that right is outweighed by Plaintiffs' need for the undeniably relevant customer data.

EFF colorfully analogizes its stance in this case to the savior of a few innocent dolphins that might potentially get trapped in Plaintiffs' proverbial litigation net. But as a court remarked in the context of gathering third-party evidence, which is exactly what Plaintiffs are seeking, "one can't know what one has caught until he fishes."[1] EFF's unfounded concern that Plaintiffs may later take indiscriminate action against Freetech customers is insufficient to warrant a protective order, and severely mitigated by the pleading requirements in federal and state court specifically designed to weed out trivial lawsuits.

### III. LEGAL STANDARD

A protective order shielding evidence from discovery under Rule 26 of the Federal Rules of Civil Procedure should issue only if the movant satisfies the "heavy burden" of establishing "good cause." *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004). Good cause exists only "where it is specifically demonstrated that disclosure will cause a 'specific prejudice or harm.'" *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Only after particular harm has been confirmed, in this case the alleged intrusion of privacy rights, must the court balance that harm with the non-movant's need for the discovery. *See Phillips*, 307 F.3d at 1211.

### IV. EFF'S SPECULATIVE PRIVACY CONCERNS ARE INSUFFICIENT TO SHIELD THE HIGHLY RELEVANT CUSTOMER DATA FROM DISCOVERY.

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be

---

[1] *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004).

Response to Amicus Curiae Brief                - 2 -

raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 606 (N.D. Cal. 1995) (citing *Breed v. United States Dist. Court*, 542 F.2d 1114, 1116 (9th Cir. 1976)). "Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted." *Id.* at 616. The balancing test makes clear that privacy rights are by no means absolute, but subject to invasion depending on the circumstances.[2]

### A. The Disclosure of Customer Data Is Hardly Intrusive of Privacy Rights.

EFF offers little more than conclusory assertions that identities, and presumably contact information, of Freetech customers constitute a legally protected privacy interest. [*See* Amicus Br. at 2:12-16, 3:1-6, 14-18.] No doubt personal information is afforded constitutional protection in certain circumstances. *See, e.g., Hill v. Colorado*, 530 U.S. 703, 716-17, 120 S. Ct. 2480, 2489 (2000); *Whalen v. Roe*, 429 U.S. 589, 599, 97 S. Ct. 869, 877 (1977). The customer data at issue, however, is a far cry from the confidential, sensitive, or embarrassing information commonly protected, such as financial matters, medical records, political affiliations, or sexual activity. *See Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 877 (9th Cir. 2008); *Narayan v. EGL, Inc.*, No. C05-04181 RMW (HRL), 2006 WL 3507918, at *2 (N.D. Cal. Dec. 5, 2006) ("'Human experience' tells this court that few negative consequences are likely to result from disclosure to plaintiffs of the names and contact information ... .").

Through the third-party subpoenas, Plaintiffs seek basic discovery routine to all civil litigation. The identity and contact information of a potential witness – essentially what is being sought in this case – is expressly made discoverable by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including ... the identity and location of persons who know of any discoverable matter."). Not surprisingly, California federal district courts have

---

[2] The privacy interest in Article I, Section I of the California Constitution is treated as a privilege in the discovery context, and need not be considered here because Plaintiffs' federal statutory claims invoke federal law on privilege. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992); *Charles O Bradley Trust v. Zenith Capital LLC*, No. C-04-2239 JSW (EMC), 2005 WL 1030218, at *2 (N.D. Cal. May 3, 2005). Notwithstanding, the state cases cited herein demonstrate that the Freetech customer data fails to raise legitimate privacy concerns, and certainly does not offset Plaintiffs' need for this discovery – both of which are requirements under California privacy law. *See Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 370-71, 150 P.3d 198, 204 (2007).

Response to Amicus Curiae Brief — - 3 -

ordered disclosure of contact data finding any threatened intrusion on the individual's privacy is negligible. *See, e.g., Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 3287035, at * 3 (N.D. Cal. July 31, 2008); *Humphreys v. Regents of the Univ. of California*, No. C 04-03808 SI, 2006 WL 335275, at *1 (N.D. Cal. Feb. 13, 2006); *see also Nat'l Labor Relations Bd. v. Cable Car Advertisers, Inc.*, 319 F. Supp. 2d 991, 998-99 (N.D. Cal. 2004) (ordering disclosure of customer identities and leaving privacy concerns to be addressed through a protective order). California state courts, applying the broader state right of privacy, have reached the same result. *See Pioneer*, 40 Cal. 4th at 372-73 (ordering disclosure of contact information for complaining purchasers of defective DVD players); *Puerto v. Superior Court*, 158 Cal. App. 4th 1242, 1256 (2008) (ordering disclosure of contact information for already identified nonparty witnesses).[3]

In an attempt to trump up the feared invasion of privacy, EFF speculates that Freetech customers will be "drawn into litigation" and forced to respond to "further nonparty discovery." [*See* Amicus Br. at 4:5-17.] For starters, EFF's unsubstantiated beliefs are insufficient to warrant the issuance of a protective order. *See Beckman Indus.*, 966 F.2d at 476. It also goes without saying that there is a significant distinction between having Freetech customers provide relevant information for this case, and pursuing them in a full-blown litigation crusade. As a consequence, EFF's one-sided narrative of the DirecTV anti-piracy campaign is irrelevant. [*See* Amicus Br. at 4:23-6:19.] And though Plaintiffs have no present intent to initiate additional lawsuits, customers that are found to be engaged in satellite piracy should not be permitted to use so-called "privacy rights" as a shield to avoid detection and civil liability. The hypothetical risk of "indiscriminate enforcement efforts" [*id.* at 6:12-15], is adequately safeguarded by the pleading requirements in Rule 11 of the Federal Rules of Civil Procedure and state law equivalents. *See Cooter & Gell v. Harmax Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 2454 (1990) ("the central purpose of Rule 11 is to deter baseless filings in district court").

Similarly, the fact that Freetech customers may be asked to respond to inquiries regarding satellite piracy does not elevate the disclosure of customer data to a legally protected invasion of

---

[3] The *Puerto* court makes clear that under state law the number of nonparties potentially being disclosed has no impact on whether there is a serious invasion of privacy in the first instance. *See* 158 Cal. App. 4th at 1255.

privacy rights. In the cases cited above, the identity and contact information was disclosed for the specific purpose of facilitating communication with nonparties. *See Tierno*, 2008 WL 3287035, at * 3; *Humphreys*, 2006 WL 335275, at *1; *see also Pioneer*, 40 Cal. 4th at 363; *Puerto*, 158 Cal. App. 4th at 1256-57. To hold otherwise as EFF suggests, would lead to an absurd situation where nonparty witnesses would never be disclosed, solely because of the risk that privacy rights might be invaded if they were later subpoenaed or otherwise contacted.

In short, EFF's speculation that the disclosure of Freetech customer data will somehow serve as a stepping stone for future lawsuits and discovery fails to establish a privacy interest deserving of protection. Under state privacy law the inquiry would end here, *see Pioneer*, 40 Cal. 4th at 523; however, federal law may still require a balancing of the alleged privacy right with the need for discovery.

### B. Customer Data Is Directly Relevant to the Parties' Claims and Defenses.

The information that Plaintiffs seek through the third-party subpoenas goes to the heart of what has already become a highly disputed issue in this case: the overwhelming use of Coolsat-branded receivers for satellite piracy. This information bears directly on Count I of the complaint asserting violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*, and Counts II and III asserting violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 605(a), (e)(4), respectively. [*See* Compl. ¶¶ 45-61.] EFF concedes the relevancy of the Freetech customer data. [*See* Amicus Br. at 7:17-8:2.][4] Instead, and rather astounding, EFF actually suggests that Plaintiffs dismiss their claims under certain sections of the DMCA, namely 17 U.S.C. §§ 1201(a)(2)(B) and (b)(1)(B), because other portions of the statute would remain available and not require Freetech customer data. [*See id.* at 8:3-9:2.]

As an initial matter, the Freetech customer data pertains to more than just subpart (B) of the DMCA claims in this case. Freetech customers are also likely to have discoverable evidence regarding other claims, including (1) marketing tactics employed by Freetech and its authorized dealers, a relevant topic under 17 U.S.C. §§ 1201(a)(2)(C), (b)(1)(C); (2) efforts by Freetech and

---

[4] Regarding the relevancy and need for Freetech customer data, Plaintiffs incorporate Part A of "EchoStar Satellite L.L.C.'s Response to Freetech's Motion for Protective Order," at 3:1-8:25 [Dkt. 46], rather than restating those arguments in full here.

Response to Amicus Curiae Brief — - 5 -

its authorized dealers to assist in the interception of Plaintiffs' satellite programming under 47 U.S.C. § 605(a); (3) actual interception by end users of Coolsat receivers to the extent Freetech is going to contend this is a requirement under § 605(a); and (4) Coolsat receivers primary use in the interception of Plaintiffs' programming under 47 U.S.C. § 605(e)(4). Further, EFF does not cite any authority for the proposition that Plaintiffs must forfeit claims, or forego the discovery of this extremely relevant information, to accommodate the alleged privacy interest in customer data – again which is negligible in this case. *See supra* Part IV.B.

Finally, EFF's belief that Plaintiffs have alternative means to establish the largely illegal use of Coolsat receivers, such as industry experts and website data, is a nonstarter. [*See* Amicus Br. at 8:3-9:14.] EFF would have Plaintiffs sacrifice a clearly sensible way of establishing its claims in exchange for two proposed alternatives, neither of which are demonstrated by EFF to be sufficient from a burden of proof or evidence admissibility perspective. Tellingly, Freetech does not make a similar concession that industry experts and website data could effectively establish the predominantly illegal use of Coolsat-branded receivers and related software – even though Freetech and EFF are working hand in hand on this motion for protective order. Plaintiffs will not be tricked into accepting EFF's self-labeled "alternatives" only to have Freetech subsequently challenge these "alternatives" as insufficient.[5] EFF fails to carry its burden of establishing there are equally effective and less intrusive alternatives. *See Rivera*, 384 F.3d at 827; *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 38, 49-50, 865 P.2d 633, 656, 663-64 (1994) (imposing burden on party advancing privacy interest to establish less intrusive alternatives) (citing *Whalen*, 429 U.S. at 600-602).

C. **Any Lingering Concerns Over the Disclosure of Customer Data Should Be Addressed Through a Protective Order.**

Privacy concerns are often eliminated through a protective order that limits disclosure to the necessary parties and their representatives. *See Soto*, 162 F.R.D. at 616; *Pioneer*, 40 Cal. 4th at 371 ("if intrusion is limited and confidential information is carefully shielded from disclosure

---

[5] It should also be pointed out that the alternatives proposed by EFF may be inadequate to show actual interception of satellite transmissions by end users of Coolsat receivers, which Freetech might later claim is required to establish violations of section 605(a) of the Communications Act.

Response to Amicus Curiae Brief       - 6 -

1 | except to those who have a legitimate need to know, privacy concerns are assuaged"); *see also*
2 | *ASIS Internet Servs. v. Active Response Group*, No. C07 6211 TEH, 2008 WL 2129417, at *4
3 | (N.D. Cal. May 20, 2008) ("Although Plaintiffs argue that 'publicly disclosing thousands of email
4 | addresses to hundreds or thousands of internet marketers' could lead to misuse of the normally
5 | confidential information, Plaintiffs have not shown that disclosure will inevitably lead to harm
6 | even if a protective order is in place."). To the extent deemed necessary by the Court, Plaintiffs
7 | propose that a protective order issue limiting disclosure of the customer data to Plaintiffs, their
8 | counsel and experts in this case. Such limitations will adequately safeguard any privacy concerns
9 | of the Freetech customers.

## V.  CONCLUSION

Plaintiffs' need for the Freetech customer data is compelling and substantially outweighs any minimal intrusion on the privacy interests of those customers, which in any event could be remedied with a simple protective order. For at least these reasons, EFF's attempt to come to the rescue of Freetech and preclude Plaintiffs from obtaining information about the unlawful conduct of Freetech customers fails.

DATED: August 29, 2008

          Respectfully submitted,

          **T. WADE WELCH & ASSOCIATES**

          By: s/Timothy M. Frank
              Timothy M. Frank (*pro hac vice*)

          Attorneys for Plaintiffs/Counter-defendants

## PROOF OF SERVICE

I, the undersigned, declare that I am a resident of the State of Texas, over the age of eighteen years, and not a party to the within action. My business address is 2401 Fountainview, Suite 700, Houston, Texas 77057. I am familiar with the practice at my place of business for collection and processing of correspondence for mailing. Such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

On August 29, 2008, I served the following document described as:

**PLAINTIFFS' RESPONSE TO AMICUS CURIAE BRIEF OF THE ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF DEFENDANT FREETECH'S MOTION FOR PROTECTIVE ORDER**

  X   by **Electronically Transmitting** the document to the person(s) set forth below through the Case Management/ Electronic Case Filing (CM/ECF) system, and/or pursuant to the email address provided in the parties' agreement on electronic service of documents in this action.

  ___  by placing the document in a sealed envelope with postage thereon fully prepaid in the **United States Mail** at Houston, Texas addressed as set forth below.

  ___  by causing personal delivery via **Federal Express** of the document to the person(s) at the address(es) set forth below.

  ___  by causing personal delivery via **Messenger** of the document to the person(s) at the address(es) set forth below.

> Andrew P. Bridges
> Jennifer A. Golinveaux
> Matthew A. Scherb
> WINSTON & STRAWN LLP
> 101 California Street
> San Francisco, California 94111
>
> Jonathan Bae
> LAW OFFICE OF JOHNATHAN BAE
> 2201 Broadway, Suite M5
> Oakland, California 94612
>
> Fred von Lohmann
> ELECTRONIC FRONTIER FOUNDATION
> 454 Shotwell Street
> San Francisco, California 94110

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 29, 2008 at Houston, Texas.

> s/Timothy M. Frank
> Timothy M. Frank (*pro hac vice*)

Response to Amicus Curiae Brief                                     - 8 -