1 | Andrew P. Bridges (SBN: 122761)
abridges@winston.com
2 | Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
3 | Matthew A. Scherb (SBN: 237461)
mscherb@winston.com
4 | WINSTON & STRAWN LLP
101 California Street
5 | San Francisco, CA  94111-5894
Telephone:    (415) 591-1000
6 | Facsimile:    (415) 591-1400

7 | Jonathan Bae (SBN: 229967)
bae@baelawfirm.com
8 | LAW OFFICE OF JONATHAN BAE
2201 Broadway, Suite M5
9 | Oakland, CA 94612
Telephone:    (510) 834-4357
10 | Facsimile:    (510) 663-6731

11 | Attorneys for Defendant and Counterclaimant
FREETECH, INC.

12

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

13 | **UNITED STATES DISTRICT COURT**

14 | **NORTHERN DISTRICT OF CALIFORNIA**

15 | **SAN JOSE DIVISION**

16

17 | ECHOSTAR SATELLITE L.L.C.,
ECHOSTAR TECHNOLOGIES
18 | CORPORATION, and NAGRASTAR L.L.C.,

19 |         Plaintiffs,

20 |         vs.

21 | FREETECH, INC. and DOES 1-10,

22 |         Defendants.

23

24 | AND COUNTERCLAIM.

**Case No. 07-6124-JW (RS)**

**FREETECH, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Date:    April 22, 2009
Time:    9:30 a.m.
Place:   Courtroom 4, 5th Floor, San Jose

25

26

27

28

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................................1

II.   STATEMENT OF THE ISSUES............................................................................................1

III.  FACTUAL BACKGROUND OF THE CASE.......................................................................2

IV.   ARGUMENT ........................................................................................................................3

       A.    Freetech Adequately Answered Interrogatories Nos. 7-8.............................................3

             1.    Echostar's Interrogatories Did Not Require Freetech to Calculate the
                   Number of Total Imports and Exports for Plaintiffs and Freetech's
                   Responses Were Complete. .................................................................................3

             2.    Even If Interrogatories Nos. 7 and 8 Called For Totals, Which They
                   Expressly Do Not, Freetech's Answers Are Still Adequate. .............................5

       B.    Freetech Adequately Answered Interrogatories Nos. 9-10............................................6

       C.    Freetech Has Agreed to Produce Sufficient Advertising Materials in Response
             to Requests for Production 54-57. ................................................................................7

       D.    Request for Production No. 61 and Interrogatory No. 1................................................7

       E.    Plaintiffs Requests for Freetech's Financial Information Are Vastly
             Overbroad. ...............................................................................................................8

       F.    Freetech Has Already Agreed to Give Documents Related to Dealer
             Terminations, and Request 88 is Overbroad and Ambiguous. ...................................10

       G.    Documents Regarding Clones of Coolsat Receivers Are Not Relevant to This
             Case............................................................................................................................12

       H.    EchoStar's Request for Costs and Fees is Unwarranted.............................................13

             1.    The Request Fails to Comply With Local Rules 37-3 and 7-8.......................13

             2.    The Request Fails on its Merits. .....................................................................14

V.    CONCLUSION...................................................................................................................15

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abels v. JBC Legal Group, P.C.*,
   No. 04-2345, 2005 WL 3839308 (N.D. Cal. Oct. 21, 2005) ...............................................13, 14

*Alexander v. FBI*,
   194 F.R.D. 305 (D.D.C. 2000).................................................................................................12

*Beneficial Franchise Co. v. Bank One, N.A.*,
   205 F.R.D. 212 (N.D. Ill. 2001)............................................................................................4, 6

*Collaboration Props. v. Polycom, Inc.*,
   224 F.R.D. 473 (N.D. Cal. 2004)...............................................................................................6

*Daiflon, Inc. v. Allied Chemical Corp.*,
   534 F.2d 221 (10th Cir. 1976) ...................................................................................................5

*Echostar, LLC v. Freetech, Inc.*,
   No. 07-6124, 2008 WL 4460236 (N.D. Cal. Sept. 28, 2009) ....................................................2

*EEOC v. CRST Van Expedited, Inc.*,
   2009 U.S. Dist. LEXIS 13260 (N.D. Iowa Feb. 19, 2009) ........................................................5

*Fid. Nat'l Title Ins. Co. v. TCF Nat'l Bank Ill.*,
   2003 U.S. Dist. LEXIS 19190 (N.D. Ill. Oct. 27, 2003)............................................................4

*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC*,
   103 F. 3d 1007 (D.C. Cir. 1997) .............................................................................................12

*Guruwaya v. Montgomery Ward, Inc.*,
   119 F.R.D. 36 (N.D. Cal. 1988)...............................................................................................12

*Ice Corp. v. Hamilton Sundstrand Corp.*,
   05-4135, 2007 WL 1742163 (D. Kan. May 4, 2007) .................................................................9

*Iridex Corp. v. Synergetics, Inc.*,
   2007 U.S. Dist. LEXIS 22070 (E.D. Mo. Mar. 12, 2007) .........................................................5

*Litton Systems, Inc. v. AT&T Co.*,
   700 F.2d 785 (2d Cir. 1983).......................................................................................................9

*Performance Indus. v. Honda Motor Co.*,
   1985 U.S. Dist. LEXIS 22145 (E.D. Pa. Mar. 1, 1985).........................................................4, 5

*Peskoff v. Faber*,
   230 F.R.D. 25 (D.D.C. 2005)....................................................................................................10

*Sadofsky v. Fiesta Prods., LLC*,
   252 F.R.D. 143 (E.D.N.Y. 2008) ...............................................................................................5

*Sancom, Inc. v. Qwest Communications Corp.*,
   No. 07-4147, 2009 WL 136679 (D.S.D. Jan. 20, 2009)............................................................8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

ii

SF:246213.3

*Synapsis, LLC v. Evergreen Data Systems, Inc.*,
    No. 05-1524, 2006 WL 2053512 (N.D. Cal. 2006) ..................................................................13

*United States CFTC v. Am. Derivatives Corp.*,
    2007 U.S. Dist. LEXIS 23681 (N.D. Ga. Mar. 30, 2007)..........................................................5

*Vardon Golf Co., Inc. v. BBMG Golf Ltd.*,
    156 F.R.D. 641 (N.D. Ill. 1994)..............................................................................................12

**STATUTES AND RULES**

Cal. Civil Code § 3295...................................................................................................................10

Fed. R. Civ. P. 26(b)(1)..................................................................................................................11

Fed. R. Civ. P. 33(d) ...............................................................................................................1, 3, 5

N.D. Local Civ. R. 7-2....................................................................................................................13

N.D. Local Civ. R. 7-8...............................................................................................................13, 14

N.D. Local Civ. R. 37-2.............................................................................................................12, 14

N.D. Local Civ. R. 37-3.............................................................................................................13, 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

**SF:246213.3**

1

## **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2

**I.     INTRODUCTION**

3

Plaintiffs move to compel discovery, but there is no basis for Plaintiffs' motion.  The motion

4

is largely an improper attempt to (1) re-write several interrogatories to call for responses that

5

Freetech need not give, and (2) compel overbroad production of documents of marginal relevance.

6

For many of the document requests at issue, Freetech agreed to produce reasonable categories of

7

documents or invited Plaintiffs, long before they filed this motion, to further discuss appropriate

8

ways to limit their requests.  The Court should deny Plaintiffs' motion to compel in full, and should

9

utterly and summarily reject Plaintiffs' procedurally improper and substantively flawed request for

10

costs and fees..

11

**II.     STATEMENT OF THE ISSUES**

12

1.     Whether Echostar can compel Freetech to calculate the number of receivers it

13

imported and exported in response to Interrogatories Nos. 7 and 8, even though those interrogatories

14

do not ask for that information and even though Freetech has properly pointed Plaintiffs to

15

documents containing the information under Rule 33(d);

16

2.     Whether Freetech has appropriately responded to Interrogatories Nos. 9 and 10,

17

seeking it to identify known pirates;

18

3.     Whether Freetech's agreement to produce examples of each piece of advertising or

19

promotional material is a reasonable response to Plaintiffs' Requests for Production Nos. 54-57;

20

4.     Whether Plaintiffs' request for all nicknames and monikers in Request for Production

21

No. 61 and Interrogatory No. 1 is overbroad when it seeks all such nicknames and monikers,

22

regardless of use;

23

5.     Whether Plaintiffs' requests for broad categories of financial information are

24

overbroad and premature;

25

6.     Whether Plaintiffs' Request for Production No. 88 for "Dealer Files" is overbroad

26

given the many other categories of documents that Freetech has agreed to produce;

27

7     Whether Plaintiffs should be denied blanket discovery into the tangential issue of

28

cloned Coolsat receivers as sought in Requests for Production Nos. 107 and 110; and

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

1

1   8.   Whether Plaintiffs' request for fees is improper given the Plaintiffs' complete failure

2 to follow this Court's required procedures and given that the parties' dispute in this motion is simply

3 a run-of-the-mill, good faith dispute.

4 **III.   FACTUAL BACKGROUND OF THE CASE**

5   Freetech imports Free-to-Air ("FTA") satellite receivers and distributes them under its

6 Coolsat brand.  (Countercl. ¶ 2.)  Numerous broadcasters make FTA programming freely available

7 to owners of FTA receivers throughout the world, including in the United States.  *Id.* ¶¶ 7-8, 14.

8 "[P]ossession and use of FTA receivers are not illegal."  *Echostar, LLC  v. Freetech, Inc.*, No. 07-

9 6124, 2008 WL 4460236, at *2 (N.D. Cal. Sept. 28, 2009).

10   Plaintiffs Echostar Satellite L.L.C. ("Echostar")[1] and Echostar Technologies Corporation

11 offer subscription-based satellite television service in the United States.  Plaintiff Nagrastar protects

12 that service against unauthorized use by providing encryption technology.  Plaintiffs allege that

13 Freetech's importation, distribution, or use of Coolsat FTA receivers, despite the legality of FTA

14 receivers, violates the Digital Millennium Copyright Act, the Communications Act, and other state

15 and federal laws.  Plaintiffs allege that Coolsat receivers are primarily designed for unlawful

16 purposes and they even accuse Freetech of intercepting Plaintiffs' broadcasts and developing

17 hacking software for Coolsat receivers.  These accusations are baseless.

18   Plaintiffs have served a large number of discovery requests in this case.  Plaintiffs have

19 served 465 requests for admission in five sets, 157 requests for production in eight sets, and

20 numerous interrogatories.  (Scherb Decl. ¶ 2.)

21   Plaintiffs have moved to compel further responses to several interrogatories and document

22 requests, but Plaintiffs' motion on the interrogatories is largely an attempt to refashion their previous

23 interrogatories into new interrogatories in order to get new answers the previous versions did not call

24 for.   On the document requests, Plaintiffs seek broader categories of documents than are appropriate

25 in this litigation.  The Court should deny Plaintiffs' motion and improper fee request.

26

27

[1] Echostar alone served the interrogatories at issue in this motion while all Plaintiffs served the document requests at issue.  None of the Plaintiffs other than Echostar may move to compel interrogatory responses, which they did not propound.

28

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

IV.     **ARGUMENT**

    A.     **Freetech Adequately Answered Interrogatories Nos. 7-8.**

        Freetech's responses to Interrogatories Nos. 7 and 8 are complete, and Echostar is not entitled to any additional information in response to them.  Echostar's assertion that Interrogatories Nos. 7 and 8 – which ask Freetech to identify "instances" of import or distribution – require Freetech to analyze its invoices to calculate a total number of imports and distributions is contrary to the plain text of Interrogatories Nos. 7 and 8, which Echostar drafted.  A party cannot compel information it has not previously requested in discovery.  Even if Interrogatories Nos. 7 and 8 called for totals, which they do not, Freetech's responses, which refer to Freetech's invoices, would be appropriate under Rule 33(d).  Echostar has no good reason to demand that Freetech undertake the additional burden of creating a compilation from the very documents it has already furnished to Echostar.

          1.     **Echostar's Interrogatories Did Not Require Freetech to Calculate the Number of Total Imports and Exports for Plaintiffs and Freetech's Responses Were Complete.**

        .Echostar's Interrogatories Nos. 7 and 8 asked Freetech to identify each instance in which Freetech imported or distributed Coolsat receivers.  Interrogatory No. 7 asked Freetech to: "[i]dentify and describe <u>each instance</u> in which a Coolsat receiver was imported into the United States by Freetech from January 1, 2003 to the present, specifying the quantity of each model Coolsat receiver imported by Freetech and the date received by Freetech."  (Ferguson Decl. Exh. 1, No. 7) (emphasis added).  Interrogatory No. 8 asked Freetech to: "[i]dentify and describe <u>each instance</u> in which a Coolsat receiver was distributed by Freetech from January 1, 2003 to the present, specifying the last known contact information for each person provided with a Coolsat receiver by Freetech, the quantity of each model Coolsat receiver provided to that person by Freetech, the date provided, and the amount of any money or a description of any non-monetary compensation or serviced received in exchange."  (Ferguson Decl. Exh. 1, No. 8) (emphasis added).

        Freetech responded to Interrogatories Nos. 7 and 8 by referring Echostar to import and distribution invoices that Freetech produced during discovery. The invoices identify each instance of import or distribution by providing the transaction date, purchaser, seller, price, and quantity.

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

3

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**

1    Freetech produced its import invoices *on September 23, 2008*, shortly after the entry of the

2    Stipulated Protective Order in the case.  (Scherb Decl. ¶ 3.)  These documents bear Bates numbers

3    FT00000034 through FT00000072 and FT00002106 through FT00002112.  *Id.*  In response to

4    Plaintiffs' Request for Admission No. 454, Freetech admitted that these "identify all Coolsat

5    receivers purchased by Freetech of which Freetech is currently aware."  *Id.*  Freetech also produced,

6    *on September 23, 2008*, nearly 2,000 distribution invoices with Bates numbers FT0000076 through

7    FT00002015 which identified distributions from December 2004 through December 2007, the month

8    this litigation began.  On March 31, 2009, Freetech supplemented its production with all distribution

9    invoices for 2008.[2]  *Id.*  ¶ 4.

10          Freetech's response to Interrogatories Nos. 7 and 8 by referring to documents was entirely

11   proper and complete.  Rather than "conceal[ing] the extent of its unlawful activities," as Plaintiffs

12   blanketly assert (Mot. at 5), Freetech has opened its invoices to Plaintiffs, and Plaintiffs can see

13   "each instance" of import and distribution.[3]

14          Ordering Freetech to calculate totals in response to Interrogatories Nos. 7 and 8 would be to

15   allow Echostar to rewrite them as a new interrogatory, which it cannot do after the fact and at the

16   motion to compel stage. *Fid. Nat'l Title Ins. Co. v. TCF Nat'l Bank Ill.*, 2003 U.S. Dist. LEXIS

17   19190 (N.D. Ill. Oct. 27, 2003) ("TCF's question does not ask Fidelity why it believes that TCF is

18   liable it asks why it believes the transfers were wrongful. Fidelity has done so, and TCF cannot

19   rewrite its interrogatory after the fact."); *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D.

20   212, 224 (N.D. Ill. 2001) ("The Court will not rewrite the interrogatory to seek information that is

21   not requested by its plain terms."); *Performance Indus. v. Honda Motor Co.*, 1985 U.S. Dist. LEXIS

22   22145 (E.D. Pa. Mar. 1, 1985) ("The material produced was responsive to the letter of the requests

23   and I will not take this opportunity to rewrite plaintiff's interrogatories.").  *Fidelity*, *Beneficial*, and

24

25   [2] During the meet-and-confer process Freetech told Plaintiffs they could expect this additional
     production.  Freetech did not agree to supplement its responses to Interrogatories 7 and 8 to reflect
     total numbers.  (Scherb Decl. ¶ 4.)

26   [3] Plaintiffs complain that Freetech denied some of their Requests for Admission that asked Freetech
     to admit it imported or distributed certain numbers of receivers, sometimes during certain periods of

27   time.  First, those requests are irrelevant to whether Freetech adequately responded to Interrogatories
     Nos. 7 and 8.  Moreover, Freetech, working from the same invoices as it produced to Plaintiffs, *did*

28   *admit* Echostar's calculations when Freetech could verify that Echostar's arithmetic was correct.
     (Scherb Decl ¶ 5 (citing Requests Nos. 402, 403, 409, 422, 424, 425, 428, 429, 430, 431, 455, 458).)

                                                    4

SF:246213.3

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

1   *Performance* all denied motions to compel that sought answers to "re-written" interrogatories.  This

2   Court should do the same.

3   　　　　　　　　**2.　　　　　Even If Interrogatories Nos. 7 and 8 Called For Totals, Which They**

4   　　　　　　　　　　　　　　**Expressly Do Not, Freetech's Answers Are Still Adequate.**

5   　　　　　Even if Interrogatories Nos. 7 and 8 could be construed to call for total imports and

6   distributions, Federal Rule of Civil Procedure 33(d) still permits Freetech to refer Echostar  to its

7   invoices in response.

8   　　　　　Rule 33(d) allows a party to substitute the provision of business records for an answer to an

9   interrogatory "if the burden of deriving or ascertaining the answer will be substantially the same for

10   either party."  Fed. R. Civ. P. 33(d).  An interrogatory answer referencing documents is appropriate

11   for requests seeking summary analysis.  Courts will not compel a party to go through documents to

12   tally or make a spreadsheet reflective of data in underlying documents.  *EEOC v. CRST Van*

13   *Expedited, Inc.*, 2009 U.S. Dist. LEXIS 13260, at *17 (N.D. Iowa Feb. 19, 2009) (denying motion to

14   compel because each party was equally able to compile a spreadsheet based on underlying

15   documents); *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 147 (E.D.N.Y. 2008) (denying motion

16   to compel because compiling total sales figures from sales records presented substantially the same

17   burden to each party); *United States CFTC v. Am. Derivatives Corp.*, 2007 U.S. Dist. LEXIS 23681,

18   at *10-11 (N.D. Ga. Mar. 30, 2007) (approving reliance on Rule 33(d) in case where the movant

19   sought "total net investment" and "total loss" for each investor); *Iridex Corp. v. Synergetics, Inc.*,

20   2007 U.S. Dist. LEXIS 22070, at *12 (E.D. Mo. Mar. 12, 2007) (approving reliance on Rule 33(d)

21   where a party produced "a large number" of service records but refused to compile data about those

22   service incidents).

23   　　　　　As one of  Echostar's own cited cases makes clear, it would be Echostar's burden to show the

24   inadequacy of Freetech's documents as a response.  *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d

25   221, 227 (10th Cir. 1976) ("We believe appellees had the burden of proving the answer to their

26   interrogatory was indeed incomplete."); *id.* ("[A]ppellees point to no evidence recognizable in this

27   court to support a determination that a substantial difference in the burden of compiling the answer

28   existed.").

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3

1      Here, all Echostar does is state a hunch that Freetech must have documents (that it must have

2   used in responding to Plaintiffs' RFAs) that have the requested totals.  That is not evidence.  In fact,

3   Freetech *did* rely on the invoices it produced to Plaintiffs in responding to Plaintiffs' requests for

4   admission concerning the numbers of imports and distributions.  (Scherb Decl. ¶ 5.)   The fact that

5   Plaintiffs could calculate the number of imports and distributions and that Freetech could admit the

6   correctness of Plainitffs' calculations in numerous  instances, shows that Freetech's documents

7   contain all the information that Echostar seeks. (*See id.* citing responses to Requests Nos. 402, 403,

8   409, 422, 424, 425, 428, 429, 430, 431, 455, 458.)

9      Therefore, even if Interrogatories Nos. 7 and 8 sought totals, which they do not, Freetech's

10  reference to documents would remain an adequate response.

11          **B.          Freetech Adequately Answered Interrogatories Nos. 9-10.**

12      Again, Plaintiffs seek, by motion to compel, information that their interrogatories do not

13  seek.  This is not appropriate.  *E.g.*, *Beneficial Franchise*, 205 F.R.D. at 224 ("The Court will not

14  rewrite the interrogatory to seek information that is not requested by its plain terms.").

15      Interrogatory No. 9 asked Freetech to identify and describe any relationship between

16  Freetech and anyone "known or believed to be currently or previously involved in satellite television

17  piracy, including [various individuals]."  The interrogatory does not ask about each of the 42 listed

18  individuals.  If it had, it would have counted as 42 interrogatories. *Collaboration Props. v. Polycom,*

19  *Inc.*, 224 F.R.D. 473, 474 (N.D. Cal. 2004) (asking about 26 items in one numbered interrogatory

20  counted as 26 interrogatories).  As for Interrogatory No. 10, it similarly asks Freetech to identify and

21  describe any relationship between Freetech and "any Internet website that provides or provided

22  information on satellite television piracy" or between Freetech and any owners or operators of these

23  websites. Freetech responded to Interrogatories Nos. 9 and 10 by stating it does not know of anyone

24  or any website involved in satellite television piracy.  If Plaintiffs seek information about particular

25  individuals or websites, these interrogatories do not seek that information, and the Court cannot re-

26  write them.  Otherwise, Plaintiffs would be evading the numerical limit on interrogatories.

27      //

28      //

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

6

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1

2

**C.     Freetech Has Agreed to Produce Sufficient Advertising Materials in Response to Requests for Production 54-57.**

3     In Requests for Production Nos. 54-57, Plaintiffs sought: (1) "All promotional and marketing

4  materials for Coolsat receivers", (2) "All advertisements for a Coolsat receiver that were made by,

5  on behalf of, or at the direction of Defendant", (3) "All advertisements for a Coolsat receiver that

6  were paid for, in whole or in part, by Defendant", and (4) "All advertisements for a Coolsat receiver

7  that were approved by Defendant, or otherwise made known to Defendant prior to publication".   In

8  response to each of these requests, Freetech agreed to produce "an example of each of the [items]

9  responsive" to the request.  Freetech has never intended to "cherry-pick" samples as Plaintiffs claim;

10  rather, as Freetech's responses indicate, Freetech agreed to produce one exemplar of *each*

11  advertisement or other called-for materials.  Freetech's responses are reasonable.  Plaintiffs have not

12  explained why they need more than what Freetech has agreed to produce.[4]

13     **D.     Request for Production No. 61 and Interrogatory No. 1**

14     In Request for Production No. 61, Plaintiffs requested Freetech to produce "documents

15  sufficient to identify each alias, moniker, or nickname, used by Defendant to post information on an

16  internet website, or communicate with persons using internet relay chat." (*See* Ferguson Decl. Exh.

17  7, No. 61.)  Echostar's Interrogatory No. 1 also, among several other things, asked Freetech to

18  identify all "nicknames or monikers used by [Freetech employees] on any internet website."  When

19  counsel discussed Request No. 61 and Interrogatory No. 1, Freetech stated it would supplement its

20  response to Interrogatory No. 1 and the parties agreed to revisit these discovery requests afterwards.

21  Freetech supplemented its Interrogatory No. 1 with additional information, including the nicknames

22  of several Freetech employees known to Freetech.  Plaintiffs responded with this motion to compel

23  without raising the issue again with Freetech's counsel, and before filing this motion Pliantiffs'

24

25

26  [4] Plaintiffs' further argument that Freetech's objections are invalid because they are so-called
"boilerplate" is without merit.  Unless specifically noted, the parties are aware of the issues and
27  reasons for the objections raised in response to each request.  Moreover, Plaintiffs and The Carmel
Group (represented by the same counsel) have liberally used the same sorts of "boilerplate"
28  objections in their written discovery responses.  The cannot seriously contend that all parties'
objections are invalid.

7

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

1  counsel even refused to disclose that this was an issue upon which Plaintiffs intended to move.[5]

2  (Scherb Decl. ¶ 6.)

3       Freetech does not dispute the relevance of any nicknames or monikers that Freetech or its

4  employees used on Internet websites or Internet Relay Chat, if those nicknames or monikers were

5  used to further any of the alleged piracy that Plaintiffs believe took place.  However, Request No. 61

6  and Interrogatory No. 1 sweep far too broadly, seeking any nicknames or monikers used on any

7  website or chat program.  It is not relevant that a Freetech employee goes by, hypothetically,

8  "Newsjunkie" at nytimes.com, "Moneybagg" at wellsfargo.com, and "Bookluvr" at amazon.com.

9  Further, it would be unduly burdensome and intrusive to ask all Freetech employees for this

10  information, and likely none could remember all such monikers.  Thus, Freetech has had good

11  reason to stand by its objections to these requests as overbroad, and the Court should deny Plaintiffs'

12  motion to compel full responses to Request for Production 61 and the relevant portion of

13  Interrogatory No. 1.

14       **E.       Plaintiffs Requests for Freetech's Financial Information Are Vastly Overbroad.**

15       Plaintiffs have hastily and oppressively moved to compel production of financial documents

16  that do not have reasonable relevance to this case.  In deciding whether to grant access to sensitive

17  financial documents, courts should be mindful of "the harassment through the discovery" that

18  requests for "net worth and other financial data" can cause.  *Sancom, Inc. v. Qwest Communications*

19  *Corp.*,  No. 07-4147, 2009 WL 136679, at *9 (D.S.D. Jan. 20, 2009).

20       On February 6, 2009, Freetech wrote to Plaintiffs' counsel about outstanding discovery

21  issues.  Freetech stated:

22       As for the requests that seek Freetech's financial information, Nos. 62, 82, 83, 84,
     and 85, lets have a follow-up discussion to identify more precisely what Plaintiffs
23   seek and why, and perhaps we can explain how already-produced documents
     contain the relevant financial information.

24

25

26

27
─────────────────────
[5] In fact, Plaintiffs refused to disclose any of the grounds for this motion to compel despite a request
28  from Freetech's counsel made as soon as Freetech learned a motion to compel was imminent.
     (Scherb Decl. ¶ 9.)

8

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1    (Scherb Decl. ¶ 8.)  Freetech is a small company that does not create the kinds of financial

2    documents that publicly traded companies like Plaintiffs produce as a matter of course.  Freetech

3    thought a conversation would have been the most productive way to move the issue forward.

4    But Plaintiffs never contacted Freetech's counsel on this matter again, instead filing its motion to

5    compel.  Indeed, Plaintiffs appear to use this motion as part of a integrated strategy to wear Freetech

6    down with massive, burdensome, and oppressive discovery requests and hair-trigger motions.

7            Requests Nos. 62 and 82-85 seek a wide range of financial documents.  No. 62 seeks

8    "documents sufficient to identify the revenues and profits made by Defendant per month from the

9    sale of Coolsat receiver, Coolsat factory software, or third party software."  No. 82 seeks

10   "documents sufficient to show Freetech's net worth."  No. 83 seeks "documents sufficient to show

11   revenues received by Freetech from January 1, 2003 to August 31, 2008 broken down by month or

12   quarter."  No. 84 seeks "documents sufficient to show income received by Freetech from January 1,

13   2003 to August 31, 2008, broken down by month and quarter."  And No. 85 seeks "copies of all

14   income statement, operating statement, and profit and loss statements from January 1, 2003 to

15   August 31, 2008."

16           Freetech has already produced invoices showing the price it paid for Coolsat receivers and

17   the price it spent to import them.  These reports show all "revenue" and "income received"

18   (Requests 62, 83, 85).

19           Requests 83, 84, and 85 indiscriminately seek financial reports unrelated to the Coolsat line

20   of products.  Freetech imports other products, such as foot massagers and navigations devices that

21   have no relevance whatsoever to this case.  Any revenue, income, profits, or losses related to those

22   products is not the proper subject of discovery in this case.  *Cf. Litton Systems, Inc. v. AT&T Co.*,

23   700 F.2d 785, 825 (2d Cir. 1983).  In *AT&T*, the Second Circuit noted the irrelevance of financials

24   for unrelated ventures, stating "damage studies are inadequate when only *some* of the conduct

25   complained of is found to be wrongful and the *damage study cannot be disaggregated*."

26   *Id.*(emphasis added).  And in *Ice Corp. v. Hamilton Sundstrand Corp.*, 05-4135, 2007 WL 1742163,

27   at *6 (D. Kan. May 4, 2007), the court "disagree[d]" that when a plaintiff "placed the subject of lost

28

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1    profits at issue" that "documents regarding plaintiff's profitability on other projects would be

2    relevant."  This Court should reject discovery into unrelated Freetech products.

3            Requests 62, 83, and 84 improperly seek monthly or quarterly reports.  There is no relevance

4    to reports for a multitude of reports from certain time periods, and Plaintiffs have not articulated any.

5            As to net worth, Request 82, it is true that a Magistrate Judge in this District has previously

6    ordered early disclosure of net wroth in cases involving punitive damages claims; however, early

7    disclosure of such information is not the universal rule, and it is not the best rule.  For example, in

8    *Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005), the District Court for the District of Columbia

9    reaffirmed its view that net worth and financial health information need not be disclosed until

10   necessary to prove those damages.  This approach is better for several reasons.  First, it protects

11   defendants from the harassment of having to turn over sensitive financial data prematurely when it

12   has no other relevant use to the case except for assessing damages.  Plaintiffs suggest this

13   information might help settle the case or help Plaintiffs decide whether to continue to prosecute it,

14   but those are not valid reasons to order production, especially when Freetech can always choose to

15   disclose the information to Plaintiffs for those reasons if it desires.  Second, the approach comports

16   with California state law that prohibits pretrial discovery of sensitive financial information such as

17   net worth.  *See* Cal. Civil Code § 3295.  That code section states: "No pretrial discovery by the

18   plaintiff shall be permitted with respect to the evidence [of a defendant's profits gained by virtue of

19   its wrongdoing or its financial condition] unless the court enters an order permitting such discovery

20   pursuant to this subdivision."  *Id.*  The Court should not order discovery into Freetech's net worth at

21   this time.

22           Freetech has produced adequate financial documents related to Coolsat receivers, the Court

23   should not order production of any materials unrelated to Coolsat receivers, and the Court should

24   defer production of net worth documents until later in the case.

25       **F.      Freetech Has Already Agreed to Give Documents Related to Dealer**

26               **Terminations, and Request 88 is Overbroad and Ambiguous.**

27           Freetech has agreed to produce numerous categories of documents that relate to terminations

28   of dealers.  These include:

10

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1      (1)     documents constituting executed versions of contracts, written or oral, between

2          Defendant and its authorized dealers of Coolsat receivers, and documents concerning

3          those contracts that also concern satellite television piracy, non-factory software,

4          Plaintiffs' conditional access system or DISH network programming (RFP 11);

5      (2)     communications between Defendant and its Dealers concerning advertisement of

6          Coolsat receivers (RFP 58);

7      (3)     complete copies of each Dealer Agreement terminated by Freetech between 2004 and

8          2008 that serves as the basis for Freetech's denial of EchoStar's 3rd Set of Requests

9          for Admission (Nos. 224-233) (RFP 86);

10     (4)     documents sufficient to identify each authorized dealer that Freetech terminated

11         between 2004 and 2008 that serves as the basis for Freetech's denial of EchoStar's 3rd

12         Set of Requests for Admission (Nos. 224-233) (RFP 87);

13     (5)     documents and communications concerning satellite television piracy (RFPs 1-2); and

14     (6)     documents and communications concerning anti-piracy efforts (RFPs 2-3).

15 (Scherb Decl. ¶ 10 & Exh. A.)  These categories of documents encompass a large range of

16 documents on subjects relevant to this litigation and on dealer interactions, including terminations.

17        Unsatisfied with this offer of production, Plaintiffs seek to compel production of  "[a]

18 complete copy of the Dealer File for each dealer whom Freetech terminated between 2004 and 2008

19 that serve as a basis for Freetech's denial of EchoStar's 3rd Set of Requests for Admission (Nos.

20 224-233)."  The request is overbroad, unduly burdensome, and vague.  First, Plaintiffs have never

21 articulated why they need more than the categories of documents Freetech has already offered to

22 produce.  That is, Plaintiffs have not explained why a document in a "Dealer File" would be relevant

23 if it does not concern satellite television piracy, a communication concerning advertising of Coolsat

24 receivers, or the other categories of documents enumerated above.  Moreover, the term "Dealer

25 File," although capitalized, is not a defined term, and Freetech does not maintain files with that

26 name.

27        Under the Federal Rules, Plaintiff may obtain discovery only regarding those matters

28 "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Plaintiff, as the requesting

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

1  party, bears the burden of demonstrating relevance.  *Guruwaya v. Montgomery Ward, Inc.*, 119

2  F.R.D. 36, 40 (N.D. Cal. 1988) (denying, in part, motion to compel because "[p]laintiff has failed to

3  show relevance"); *Alexander v. FBI*, 194 F.R.D. 305, 309 (D.D.C. 2000); *Vardon Golf Co., Inc. v.*

4  *BBMG Golf Ltd.*, 156 F.R.D. 641, 651 (N.D. Ill. 1994) (noting that a party seeking discovery must

5  present a "plausible chain of inferences showing how discovery of the item sought would lead to

6  admissible evidence").  In addition, Local Rule 37-2 requires that the moving party's papers "detail

7  the basis for the party's contention that it is entitled to the requested discovery and must show how

8  the proportionality and other requirements of FRCivP 26(b)(2) are satisfied."  Courts should deny

9  requested discovery when the information sought is too remote to any claim or defense involved in

10  the case.  Plaintiffs have not shown the relevance or proportionality of further dealer information in

11  light of what Freetech has already agreed to produce.

12      **G.      Documents Regarding Clones of Coolsat Receivers Are Not Relevant to This**

13              **Case.**

14      While Freetech imports and distributes genuine Coolsat receivers, other entities have

15  succeeded in making and selling "clone" receivers that bear Freetech's Coolsat branding and

16  compete unfairly in the marketplace.  This case is not about cloned units or Freetech's rights in the

17  Coolsat brand.  Still, Plaintiffs propounded Request for Production Nos. 107 and 110 that seek "[a]ll

18  documents and communications related in any way to cloned Coolsat receivers" and "All

19  communications with Hivion, Senseware, JinHighTek, or Trivision related to cloned Coolsat

20  receivers."   Plaintiffs speculate about third-party pirate software that has "clone-kill" functionality

21  and speculate that only Freetech would have the incentive to kill or disable clone receivers.

22  Plaintiffs offer no evidence to support their rank speculation, and there is no basis to open, with no

23  limits, a whole avenue of discovery with at best marginal relevance to this case.  "The standard of

24  relevancy is . . . not so liberal as to allow a party to . . . explore matter which dos not presently

25  appear germane on the theory that it might conceivably become so."  *Food Lion, Inc. v. United*

26  *Food & Comm'l Workers Int'l Union, AFL-CIO-CLC*, 103 F. 3d 1007, 1012-13 (D.C. Cir. 1997)

27  (internal quotes omitted).  Moreover, to the extent Request Nos. 107 and 110 might seek any

28

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   relevant documents – those concerning satellite television piracy – Freetech, as already noted, has

2   agreed to produce such documents.  There is nothing further for the Court reasonably to compel.

3          **H.**     **EchoStar's Request for Costs and Fees is Unwarranted.**

4         Finally, the Court should not award costs and fees on a motion to compel such as Plaintiffs.

5   The request is utterly defective under this Court's local rules.  Moreover, the request has no merit.

6   Plaintiffs prematurely sprung the motion on Freetech, refusing to identify the grounds they would

7   move upon.  Freetech has had substantial arguments for every position it took.  Plaintiffs' motion

8   presents only a routine discovery dispute.  The only notable feature of the dispute is the extent to

9   which Plaintiffs are seeking to intimidate their much smaller adversary with the threat of costs and

10  fees.  Costs and fees are unwarranted.

11         **1.**     **The Request Fails to Comply With Local Rules 37-3 and 7-8.**

12        Local Civil Rule 37-3 provides:

13        When, in connection with a dispute about disclosure or discovery, a party moves for an
      award of attorney fees or other form of sanction under FRCivP 37, the motion must:

14              (a) Comply with Civil L.R. 7-8 and Civil L.R. 7-2; and
            (b) Be accompanied by competent declarations which:

15                    (1) Set forth the facts and circumstances that support the motion;
                  (2) Describe in detail the efforts made by the moving party to secure

16                    compliance without intervention by the Court; and
                  (3) If attorney fees or other costs or expenses are requested, itemize with

17                    particularity the otherwise unnecessary expenses, including attorney fees,
                  directly caused by the alleged violation or breach, and set forth an appropriate

18                    justification for any attorney-fee hourly rate claimed.

19  N.D. Local Civ. R. 37-3.  Plaintiffs' fee request fails to comply with this rule for numerous reasons.

20  First, the request "does not comply with Local Civil Rule 7-8, which requires that all sanctions

21  requests be brought by separately-noticed motion." *Synapsis, LLC v. Evergreen Data Systems, Inc.*,

22  No. 05-1524, 2006 WL 2053512, at *3 (N.D. Cal. 2006) (Seeborg, J.).  In *Synopsis*, this Court found

23  this reason *sufficient by itself to deny the request*. *Id.* ("The request is denied.").  This Court

24  similarly denied a fees request in *Abels v. JBC Legal Group, P.C.*, No. 04-2345, 2005 WL 3839308,

25  at *3 (N.D. Cal. Oct. 21, 2005).  The Court stated "JBC failed to file a separate motion for sanctions,

26  as required by Civil L.R. 7-8 [and] JBC's request, therefore, is denied on this basis." *Id.*  In this case,

27  not only have Plaintiffs failed to comply with Local Civil Rule 7-8, they have also failed to file a

28  declaration that itemizes with particularity the fees and costs directly caused by the complained-of

13

SF:246213.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   conduct or justifies any claimed hourly rate.[6]  Thus, the Court should reject Plaintiffs fees request

2   without considering its merits at all.  Indeed, Plaintiffs' failure to respect this Court's rules while

3   seeking sanctions is both thoughtlessly overbearing and also ironic.

4                    **2.        The Request Fails on its Merits.**

5          Even if taken on its merits, Plaintiffs' request for costs and fees is unwarranted.  In this case

6   "the parties simply have a good faith dispute over the sufficiency of [Freetech's] discovery

7   responses." *Abels*, 2005 WL 3839308, at *3 n.1.

8          Plaintiffs raised their concerns with the discovery responses at-issue by letters dated October

9   6, 2008 and November 20, 2008.  Plaintiffs' counsel never called Freetech's counsel to discuss these

10  matters or to request a discussion until Freetech reached out to Plaintiffs to schedule a discussion

11  shortly after receiving the November 20, 2008 letter.  On November 26, 2008, less than a week after

12  the date of Plaintiffs' second letter, the parties conducted conferred telephonically at length where

13  they discussed numerous issues.  The parties agreed on several compromises and Freetech agreed to

14  supplement a number of responses.  Freetech served supplemental responses to Echostar's first set of

15  interrogatories and Plaintiffs' requests for production sets two, three, and five.  Freetech did so on an

16  agreed date, February 6, 2009, at which time Freetech also informed Plaintiffs of its decision to

17  resist several requests and its desire further to discuss the requests concerning financial information.

18  (Scherb Decl. ¶ 7.)

19         While the meet and confer process was orderly, Plaintiffs' prosecution of this motion, in

20  contrast, was the opposite.  Plaintiffs first gave notice of this motion to Freetech indirectly by an

21  email dated March 5, 2009 at 4:06 p.m. Pacific Time, in which someone acting on behalf of

22  Plaintiffs' counsel communicated counsel's demand that Freetech agree to a stipulation to file

23  materials under seal by noon the following day.  Realizing that a motion was coming, Freetech's

24  counsel immediately called Plaintiffs' counsel, asked what relief Plaintiffs sought, and offered to

25  have further discussions to see if out-of-court resolution was possible.  Plaintiffs' counsel refused to

26  disclose the grounds for the motion and said Plaintiffs were determined to press forward with the

27

28  _____
    [6] Also, Plaintiffs' motion to compel does not "set forth each request in full, followed immediately by
    the objections and/or responses thereto."  N.D. Civil Local Rule 37-2.

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3

1    motion and wanted it to get on file. *Id.* ¶ 9. Freetech's reward for trying to resolve discovery

2    disputes without the Court is a request by Plaintiffs for fees. The Court must deny the request.

3          As for the costs Plaintiffs incurred in reviewing the "1,900" pages, Freetech incurred the

4    identical costs in reviewing those 1,900 pages in order to respond to Plaintiffs' *sixty* requests for

5    admission, numbers 400-460. Freetech was compelled to review these pages; Plaintiffs chose to do

6    so voluntarily before pursuing other avenues of discovery. *Id.* ¶ 5.

7          Plaintiffs' request for costs and fees is fatally defective as a procedural matter, but also

8    suffers from fatal flaws on the merits. The Court should deny the request.

9    **V.      CONCLUSION**

10         The Court should deny Plaintiffs' motion to compel and summarily reject Plaintiffs' improper

11   request for fees.

12                                              Respectfully Submitted,

13   Dated:  April 1, 2009                      WINSTON & STRAWN LLP

14

15                                              By:   /s/
                                                      Andrew P. Bridges
16                                                    Jennifer A. Golinveaux
                                                      Matthew A. Scherb
17
                                                      Attorneys for Defendant and
18                                                    Counterclaimant Freetech, Inc.

19

20

21

22

23

24

25

26

27

28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5802**

15

FREETECH'S OPP. TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-6124-JW (RS)

SF:246213.3